## TEXAS PIPE LINE CO. v. BRIDGES.

### No. 2085.

Court of Civil Appeals of Texas. Beaumont.

June 4, 1931.

Wm. K. Hall, of Houston, and Davis & Davis, of Center, for appellant.

Sanders & McLeroy, of Center, for appellee.

WALKER, J.

This was an action by appellee against appellant for damages to his land caused by the spreading over his land of oil from a leak in appellant's pipe line. The issue of damages was submitted to the jury by the following question and charge:

"Special Issue No. 4. From a preponderance of the evidence in the case, what amount of money, if now paid in cash, do you find would compensate the plaintiff for the damages, if any, he has sustained?

"You will answer this by stating the amount, if any you find, in dollars and cents.

"In answering special Issue No. 4 you are instructed that in determining the amount of damages, if any, sustained by the plaintiff, you may take into consideration the reasonable cash market value of the land immediately prior to the time of such damages, if any, and the reasonable cash market value of such land immediately after such damage. The plaintiff's damage, if any, would be the difference between the reasonable cash market value of said land immediately prior to the damage, if any, and after such damage, if any."

Answering this question the jury assessed appellee's damages at $1,500, and judgment was accordingly entered in his favor.

Appellant duly excepted to the charge because the court failed and refused to define the term "market value." Discussing this proposition in Texas Pipe Line Co. v. Watkins, 26 S.W.(2d) 1103, 1104, Mr. Chief Justice Hightower, speaking for this court, said: "We have no doubt that the term 'reasonable fair cash market value' is a legal term of well-defined meaning, and that it was the duty of the trial court, under article 2189,

supra, to define the term in order to properly guide the jury in answering special issues."

Appellee would distinguish this case from Texas Pipe Line Co. v. Watkins, on the following grounds:

■ (a) Appellant requested special charges submitting its view of appellee's measure of damages, as follows:

"Defendant's Special Issue No. 1. State the market value per acre of the bottom land involved in this case immediately prior to the leaks in defendant's pipe line in the year 1930.

"Defendant's Special Issue No. 2. State the market value per acre of the bottom lands involved in this case after the leaks in defendant's pipe line in the year 1930."

Not having defined the term "market value" in its requested issues, appellee now insists that appellant cannot complain of this omission in the court's charge because of the defect or omission in its requested issues. There is no merit in this contention. The trial court refused appellant's issues and submitted the issue of damages in its own language. It follows that the charge as given must be measured by the exceptions urged against it because it cannot be said that appellant misled the trial court.

■ (b) In this case the exception was against the refusal to define the term "market value." In the case cited the exception was against the refusal to define the term "reasonable fair cash market value." It is the term "market value" that has the "well-defined legal meaning," as that language was used by Judge Hightower in the cited case. Had the court defined "market value" in response to appellant's exception, the jury would have had no difficulty in applying the definition to the language of the charge. The refusal of the trial court to define the term "market value" constituted reversible error.

■ There is no merit in the exception that special issue No. 4 was a general charge. Under this exception appellant insists that the measure of damages could only be submitted in the form and manner suggested by its requested issues given above. We think issue No. 4, with the accompanying charge, constituted a special, and not a general, submission.

The evidence was sufficient to raise issue No. 4, and to support the jury's verdict answering the same. For the error discussed the judgment of the lower court is reversed and the cause remanded for a new trial.

Reversed and remanded.