## RUNNELS CHEVROLET CO. et al. v. CLIFTON et al.
### No. 2175.

Court of Civil Appeals of Texas. Beaumont.

Jan. 28, 1932.

Rehearing Denied Feb. 17, 1932.

427

A. C. Buckner, of Houston, and Sanders & McLeroy, of Center, for appellants.

Anderson & Lewis, and Lane & Lane, all of Center, for appellees.

WALKER, J.

This was a suit by appellees against appellants for actual and exemplary damages for the malicious seizure and conversion of their automobile. The answer of appellants was sufficient to support their propositions of error. The trial was to a jury upon the following issues, answered as indicated.

"Special Issue No. 1

"Do you find from a preponderance of the evidence in this case that the defendants took possession of the Chevrolet automobile belonging to the plaintiffs, without the consent of the plaintiffs? Answer this 'yes' or 'no' as you find the facts to be." Answer: "Yes."

"Special Issue No. 2

"From a preponderance of the evidence in this case, what do you find the fair market value of said Chevrolet Automobile to have been at the time the defendants received same? Answer this by stating the amount in dollars and cents." Answer: "$500.00."

"Special Issue No. 3

"From a preponderance of the evidence in this case, what amount of money if now paid in cash, if any, do you find will fairly compensate the plaintiffs by way of exemplary damages for the wrongful taking possession of the property of the plaintiffs, if you have so found that it was wrongfully taken? Answer this by stating the amount in dollars and cents." Answer: "$1,000.00."

"Special Issue No. 4

"From a preponderance of the evidence in this case, do you find that the plaintiffs voluntarily delivered the Chevrolet Automobile to the defendants under an agreement that the defendants should sell same, apply the proceeds of the sale to the debt then owing on same, and if there should be an excess after the debt was paid that this excess should be credited on the price of another new automobile, or paid to the plaintiffs? Answer this 'yes' or 'no' as you find the facts to be." Answer: "No."

■ Appellees' petition was not subject to the general demurrer. They pleaded ownership of the automobile; that they purchased it from Runnels Chevrolet Company at an agreed price of $841, upon which they paid an old automobile of the agreed value of $362; the balance of the purchase price was represented in monthly payments of $41 each, and they paid the first monthly payment. They also pleaded that to secure the unpaid purchase price they executed a mortgage against the automobile for the amount unpaid, and this mortgage was made an exhibit to their petition. Their prayer was to recover the down payment and the first monthly payment of $41, damages as for conversion. Appellants make the point that appellees failed to plead a measure of damages or facts upon which a measure of damages could be based. Their contention is that appellees should have pleaded the market value of the automobile at the time it was seized, the proper measure of damages being the difference between the market value of the automobile and the balance due on its purchase price. This contention is overruled. Giving the petition the benefit of its general intendments, appellees were claiming only the value of their equity in the automobile, which, even under appellants' proposition, was their measure of damages. Answering this proposition under the general demurrer, appellees do not contend that they would be entitled to recover "the full cash market value" of the

automobile; but they insist they were entitled to recover "the sum of money invested in the car at the time of the conversion." That might have been their measure of damages had they sued for rescission on the ground that appellants had breached the contract of purchase by taking back the automobile, but that was not their cause of action. They sued for conversion, and therefore their measure of damages was the difference between the market value of the automobile and the balance due on its purchase price. Thos. Goggan & Bros. v. Garner (Tex. Civ. App.) 119 S. W. 341. In this connection, it is proper to say that the court erred in construing the verdict of the jury. On the theory that under the verdict appellees were entitled to recover the full market value of the automobile, the lower court permitted appellees to remit the difference between the $500 found by the jury and the amount paid by them on the purchase price. Under the verdict of the jury they were entitled to recover, as actual damages, only the difference between the $500 and the balance due on the purchase-money notes.

■ As appears from reading the special issues, the jury was required to answer them "from a preponderance of the evidence." This form of special issue constitutes a sufficient charge on the burden of proof, especially where no additional charge was prepared and requested by appellants. Ford v. Couch (Tex. Civ. App.) 16 S.W.(2d) 869; Hess v. Rouse (Tex. Civ. App.) 22 S.W.(2d) 1077; Texas Indemnity Co. v. Beal (Tex. Civ. App.) 35 S.W.(2d) 1054; Commercial Standard Ins. Co. v. Lee (Tex. Civ. App.) 37 S.W.(2d) 789; 3 Tex. Jur. 1268.

■ Where the issue is in the case, as a general rule, it is reversible error, upon proper exceptions, to refuse to define the term "fair market value." Texas Pipe Line Co. v. Bridges (Tex. Civ. App.) 39 S.W.(2d) 1109. But that rule does not control this case. After seizing the car appellants sold it under the following advertisement:

"State of Texas, County of Shelby, Notice is hereby given that on the 24th day of June, 1930, between the hours of 10:00 A. M. and 4:00 P. M. at Runnels Chevrolet Co., in the City of Center, County of Shelby, Texas, the undersigned, General Motors Acceptance Corporation, will sell at public auction to the highest bidder for cash, the following property:

"1930 Chevrolet Sport Coupe, Motor No. 1465963, Serial No. 3–Ad 25420.

"This sale will be held under the provisions of a conditional sales contract or chattel mortgage, executed by Mrs. Charles W. Clifton and Charles W. Clifton, on the 14th day of April, 1930, securing the sum of $479.-00, covering the above property, upon which contract there is now past due and unpaid

the sum of $438.00, and which contract is now owned by the undersigned.

"Dated at Houston, Texas, this the 12th day of June, A. D. 1931.

"General Motors Acceptance Corporation,
"By H. T. Jonson."

The sale under this advertisement netted more than the amount found by the jury. The market value of this automobile was established by the sale. It thus appears that the market value of the automobile was more than the amount found by the jury, and therefore appellants were not injured by the refusal of the court to define the term "fair market value." To constitute reversible error, the general rule is that the error complained of must operate to the injury of appellants. Southern Surety Co. v. Lafferty (Tex. Civ. App.) 43 S.W.(2d) 460, and authorities therein cited.

■ Since the exceptions to the court's definition of exemplary damages, given in connection with issue No. 3, were general, the form of this charge does not constitute reversible error. Isbell v. Lennox, 116 Tex. 522, 295 S. W. 920. Also, there is no merit in the contention that the form of issue No. 3 was a charge on the weight of the evidence.

■ The mortgage, as pleaded by appellees, authorized appellants to take possession of the automobile in the event they deemed it to be in danger of misuse, or if appellees, without the appellants' written consent, removed the property from Shelby county, where the automobile was sold and where appellees resided. Appellants pleaded these provisions of the mortgage as justification for seizing the automobile, alleging that appellees had removed the automobile out of the county and also out of the state without their permission, and that it was being abused. By supplemental petition appellees denied these allegations, and also, in avoidance thereof, pleaded estoppel against appellants. The evidence of appellants raised the issues as pleaded by them, while appellees' evidence rebutted appellants' contentions, and also raised the issue of estoppel. On their answer and the facts introduced by them appellants asked the court to send these issues to the jury and presented to the court questions in proper form submitting these issues, which the trial court refused to receive and submit. Appellants also pleaded that they took possession of the automobile in a peaceable and lawful manner and asked the court to submit that issue to the jury, tendering to the court an issue in proper form, thus: "Did the defendants take possession of the automobile in a peaceable and lawful manner?" This issue was also refused. That appellees took the automobile out of the county without permission from appellants authorized the seizure unless the facts pleaded against that issue were found in favor of appellees. Had the jury found facts authorizing appellants to seize the automobile, then, under Singer Mfg. Co. v. Rios, 96 Tex. 174, 71 S. W. 275, 276, 60 L. R. A. 143, 97 Am. St. Rep. 901, appellants had the right to take possession of it in a peaceable manner even without the consent of appellees. For the reasons stated the refusal of these special issues constituted reversible error because question No. 1, as submitted to the jury, did not embody these special defenses. As we understand appellees' counter propositions, they defend these rulings of the court by saying that the conditions of the contract thus expressly pleaded by appellants were void and unenforceable. Their theory is that appellants, without the express consent of appellees, could lawfully seize the car only under legal process duly issued from a court of competent jurisdiction. This construction of the mortgage in question is directly denied by the opinion of the Supreme Court in Singer Mfg. Co. v. Rios, supra, where the legality of conditions similar to the conditions of this mortgage was fully sustained.

The only argument that could be presented would be that these conditions are against public policy. This theory was carefully reviewed by Judge Gaines in the case just cited, and overruled. In conclusion he said: "The proposition that such a stipulation is valid, and that the mortgagee may take peaceable possession of the property without the consent, and even over the protest, of the mortgagor, is sustained by the great weight of authority." However, Judge Gaines said that the mortgagee would not have the right to take possession of the chattel in the event the mortgagor made "forcible resistance." Singer Mfg. Co. v. Rios was reviewed by Judge Gallagher, speaking for the Waco Court of Civil Appeals, in Texas Auto Co. v. Clark, 12 S.W.(2d) 655, wherein he discussed circumstances constituting a trespass on personal property involving a mortgage similar to the mortgage in this case. In view of another trial, this case by Judge Gallagher should be carefully considered by the trial court in charging the jury. Appellees cite Guaranty Bond State Bank of Timpson v. Redding, 24 S.W.(2d) 457, by this court, in support of their contention that the conditions of this mortgage were illegal. The case is not at all in point on the facts of this case. In that case the Reddings were in lawful possession of certain cotton raised upon their premises by one of their tenants. This tenant had executed to the bank a mortgage authorizing it to seize the cotton upon certain conditions named in the mortgage. The Reddings were not parties to the mortgage, and, as they were in lawful possession of the property under a claim superior to that of the bank, the conditions of the mortgage did not authorize the bank to seize the cotton. Then there was in that case the further issue that

430

the bank secured possession of the cotton by the wrongful use of force. This fact clearly distinguishes this case from the Redding Case. It is no answer to the court's refusal to submit appellants' issues to say that by special issue No. 1 the jury found that the automobile was seized "without the consent of the plaintiffs." As said by Judge Gaines in the case just cited, appellants had the right to take peaceable possession of the property, even without the consent of appellees, and that was the issue appellants asked to be submitted.

The court did not err in refusing to submit the issue, "Did the plaintiff, Mrs. C. W. Clifton, agree at any time prior to the time said automobile was repossessed, to surrender possession of said automobile?" This question should have been so framed as to constitute authority for seizing the automobile; that is, the answer to the question should have constituted a specific finding that when appellants took possession of the automobile they had appellees' consent to its seizure. As reflected by appellants' propositions, no error was committed in the reception of the evidence complained of. In view of the reversal, we pretermit a discussion of the assignment against the argument of appellees' counsel and also the assignment that the verdict of the jury was excessive. However, it should be said that the issues, both of actual and exemplary damages, were duly raised.

For the errors discussed, the judgment of the lower court is reversed, and the cause remanded for a new trial.