## PANHANDLE & S. F. RY. CO. v. BURT et al.
### No. 979.

Court of Civil Appeals of Texas. Eastland.
May 6, 1932.

Rehearing Denied June 3, 1932.

Douthit, Mays & Perkins, of Sweetwater, for appellant.

C. F. Sentell, of Snyder, for appellees.

FUNDERBURK, J.

This suit involves a shipment of twenty-eight mules from Snyder to Fort Worth. Damages were claimed for the failure to deliver one mule and for injuries to three others. It was alleged that the mules were delivered to the railway company at Snyder in good condition, and upon arrival of the shipment in Fort Worth there were only twenty-seven delivered, and three were bruised and crippled to such an extent that their marketable condition was depreciated in the sum of $87.50, and the one lost was of the reasonable market value of $100. The plaintiffs, G. D. & G. L. Burt, recovered judgment for the sum of $115. The defendant, Panhandle & Santa Fé Railway Company, has appealed.

Appellant relies upon two assignments of error. The question presented by the second assignment, which will be considered first, is whether the court committed reversible error in failing to submit any issue of negligence or proximate cause. No such issues were requested in writing to be submitted. Under express provision of R. S. 1925, art. 2190, "failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission has been requested in writing by the party complaining of the judgment." The assignment will therefore be overruled. Gulf, C. & S. F. Ry. Co. v. Conley, 113 Tex. 472, 260 S. W. 561, 32 A. L. R. 1183.

The question presented by the first assignment is whether R. S. 1925, art. 2189, in requiring the court to "submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict," has such application as to require explanation or definition of the words, "fair market value." The word "fair" may be disregarded as certainly not a legal term within the meaning of the statute. If the question was one of first impression, we would be inclined to hold that "market value" is not such a legal term as under the statute requires definition or explanation. It has, however, in a number of cases been held to be such. Texas & P. Ry. Co. v. Williams, 1 White & W. Civ. Cas. Ct. App. § 250; Tidal Western Oil Corp. v. Blair (Tex. Civ. App.) 39 S.W.(2d) 1103; Texas Pipe Line Co. v. Bridges (Tex. Civ. App.) 39 S.W.(2d) 1109. See also Kansas City M. & O. Ry. Co. v. Rochester Ind. School Dist. (Tex. Civ. App.) 292 S. W. 964. We have concluded that the question is sufficiently close that we would not be warranted in holding to the contrary.

Because of the failure of the court to define "market value," the judgment below must be reversed and the cause remanded, which is accordingly so ordered.