Affirmed.

## ED S. HUGHES CO. v. CLARK BROS. CO.

### No. 1126.

Court of Civil Appeals of Texas. Eastland.

June 30, 1933.

Rehearing Denied Sept. 22, 1933.

Douthit, Mays & Perkins, of Sweetwater, for appellant.

Beall, Beall & Beall, of Sweetwater, for appellee.

FUNDERBURK, Justice.

This is an appeal by Ed S. Hughes Company, a corporation, defendant below, from a judgment against it for $700 in favor of Clark Bros. Company, also a corporation, plaintiff below, for damages to an automobile sustained in a collision between automobiles belonging to said parties. Many grounds of negligence and contributory negligence were alleged and submitted as issues to the jury. It is deemed unnecessary to set them out except the few concerning which questions are presented upon this appeal.

■ A number of issues called for findings as to whether certain alleged acts of negligence on the part of the defendant and of the plaintiff were each a proximate cause of the injuries and consequent damages claimed. The court defined "proximate cause" as follows: "Proximate cause, as that term is used in this charge, means the efficient and moving cause without which the injuries in question would not have occurred; that is, an act becomes the proximate cause of an injury whenever such injury is the natural and probable consequence of the act in question and ought to have been foreseen in the light of the attending circumstances." This definition or explanation was objected to and is here complained of as erroneous in that it wholly ignores: (a) The question of continuity of causation; (b) the element of interruption of causation; (c) the element of other effecting causes which might co-operate, and the element of independent causes; (d) the element of ordinary care as furnishing the foreseeableness of any event or happening; (e) the element of natural and continuous sequence producing the cause (effect or injury) complained of. Further, that it fails to contain in connection therewith a definition of (f) "efficient cause," (g) "efficient and moving cause," (h) "natural and probable consequence," (i) "fails to apply the standard of ordinary care and prudence to the element of foreseeableness," and that it omits (j) the element of "new and independent cause."

■ We have recently, in T. & P. Ry. Co. v. Short, 62 S.W.(2d) 995, considered these questions, and believe that the conclusions therein stated dispose of them here against the contentions of appellant so as to require the overruling of these assignments. It is our opinion that all that is needful for a jury to know in order properly to answer whether or not particular acts or omissions alleged to be negligence constitute a proximate cause of a given injury is that, in order to be such, the cause need not be the most direct and immediate cause, but that it is a proximate cause if it should reasonably have been foreseen that some such injury as the one in question was likely to result therefrom. Without desiring to be understood as approving the literal accuracy of the explanation of the term as given in this case, we think it expresses or implies these essentials and was sufficient.

■ Special issue No. 1 was: "Do you find from a preponderance of the evidence that H. Stokes was driving defendant's car as an employee of defendant at the time of the collision?" To the issue as thus stated two objections were urged and are here assigned as error, namely: (1) That the issue was multifarious, in that more than one issue raised by the evidence is incorporated therein; (2) it is a comment on the weight of the evidence, in that same assumes that the car which was being driven by H. Stokes was defendant's car when the pleadings and the evidence raised the issue as to whether or not said car belonged to defendant or another. It is patent that the issue complained of embodied three possible issues: (1) Whether Stokes was driving the car; (2) whether the car belonged to defendant; and (3) whether Stokes was driv-

ing the car as an employee of defendant. The court may, in formulating and submitting special issues, assume as true facts established by the uncontroverted evidence. City of Abilene v. Moore (Tex. Civ. App.) 12 S.W.(2d) 604. The undisputed evidence showed that Stokes was driving the car. This is sufficiently proved by the fact that the car was being driven and he was the only occupant. There was therefore no error, nor is it contended that there was, in assuming that fact. There was some evidence both pro and con as to defendant's ownership of the car. An abandoned pleading of appellant was introduced in evidence which purports to have been a cross-action in this case, containing the allegation that the automobile did belong to appellant. The allegations in a cross-action are not, we think, subject to the rule that allegations in defendant's answer following a general denial are not admissible to prove the facts averred. If, therefore, said allegation had appeared in the pleadings upon which the parties went to trial, it would be conclusive of defendant's ownership of the car. We are inclined to think that, even though the allegation appeared in an abandoned pleading, it was necessary that some explanation have been given to void the effect thereof as concluding the question. In view, however, of the disposition required to be made of the case under another assignment, we need not definitely decide this point. Upon another trial, of course, the question should be avoided. It is sufficient to say that, if there was an issue of fact raised by the evidence as to the ownership of the car, as well as whether Stokes was an employee of defendant, the issue as submitted was subject to both of the objections urged. R. S. 1925, art. 2189; Lancaster & Wallace v. Rogers & Adams (Tex. Civ. App.) 258 S. W. 283; Kansas City M. & O. Ry. Co. v. Moore (Tex. Civ. App.) 11 S.W.(2d) 335; T. & P. Ry. Co. v. Bufkin (Tex. Civ. App.) 19 S. W.(2d) 343; Speer's Special Issues, p. 254, par. 195; Fort Worth & D. C. Ry. Co. v. Harle (Tex. Civ. App.) 240 S. W. 1004; Hines v. Thornton (Tex. Civ. App.) 251 S. W. 523; Texas & P. Ry. Co. v. Bryan (Tex. Civ. App.) 15 S.W.(2d) 1098; Taber v. Smith (Tex. Civ. App.) 26 S.W.(2d) 722.

■ Complaint is made of the failure of the court, over the objection of appellant, to define the term "market value." It was alleged that, before the collision, plaintiff's automobile "was of the reasonable actual cash market value of $1200.00"; that after same the "actual cash value was not over $50.00." The court submitted an issue reading: "From a preponderance of the testimony what do you find to be the reasonable market value of plaintiff's automobile immediately prior to the collision, and at the place of the collision?" The only evidence upon this issue was the testimony of Hubert Toler, to the effect that he had, during a long period of time, ac-

quainted himself with the reasonable market value of automobiles of the class and kind of the one in question; that he knew the car, had sold it to plaintiff, knew how long it had been run, and that at the time of the collision it was *worth* about $950, and after the wreck the car had no market value but was of the reasonable cash value of around $100. One question was: "Do you know what the reasonable market value of that car was prior to the time it was torn up?" To which he answered: "I know about what *it would have sold for at that time.*" The jury found that the reasonable market value "before the collision was $800" and the "actual cash value" immediately afterward was $100. Although in Panhandle & Santa Fe Ry. Co. v. Burt, 50 S.W.(2d) 922, we held the failure of the court to define "market value" reversible error, we would not hesitate to reconsider the question and announce whatever conclusion a new investigation should lead to, if to do so were necessary to a proper disposition of the assignment of error. But we are of the opinion that it is not necessary to determine the question. The jury could not possibly have erred in their verdict by any failure to understand the meaning of market value. There was no conflict in the evidence relating to value. The only witness testifying as to values clearly showed that he regarded market value to mean what the automobile was "worth" and "what it would have sold for." The jury found the value to be $150 less than the only testimony showed the market value to be. There could therefore, we think, have been no prejudice to appellant from the failure to define "market value" if it be a legal term ordinarily requiring definition or explanation.

Under authoritative decisions, as we construe them, it must be held, we think, that the court erred, as contended by appellant, in failing to submit appellant's requested issue of unavoidable accident. The testimony leaves much unexplained as to just how and why the collision occurred. There is evidence that there was a wagon and team moving along the road in the near vicinity of the accident at the time it occurred. The court admitted testimony of one witness as res gestæ to the effect that one of the parties in plaintiff's car, a few minutes after the collision, remarked that the wagon caused the accident.

In Texas & P. Ry. Co. v. Edwards, 36 S.W. (2d) 477, 480, the court, after stating that there was evidence sufficient to show that neither the defendant nor the plaintiff was guilty of the negligence charged against each, said: "If neither party was negligent, and the collision occurred without fault to either party, then the accident would in law be classed as unavoidable," citing Galveston, H. & S. A. Ry. Co. v. Gormley (Tex. Civ. App.) 35 S. W. 488; 39 Cyc., p. 666. The evidence which it was held in that case raised the issue of accident and required its submission was

the fact of a sandstorm and its effect, in connection with other facts tending to show due care exercised by the respective parties. In the later case of Dallas Ry. & Terminal Co. v. Garrison (Tex. Com. App.) 45 S.W.(2d) 183, 185, the principal question was whether the issue of unavoidable accident was raised by the evidence, the Court of Civil Appeals having held that it was not. After reciting evidence which, in the opinion of the Commission of Appeals, raised the issue, the main fact being that plaintiff's car skidded, the court said: "There is therefore presented a theory under which the accident might have been found to have happened from causes different from those relied upon by the parties as constituting negligence of the motorman or the negligence of the driver of the car. Under such circumstances, the issue of unavoidable accident is presented." The court in this case laid down as a test for determining whether an issue of unavoidable accident arises upon a given state of facts so as to require submission of the issue the following: "If the issues of negligence of the plaintiff in error's motorman in operating the street car and of Garrison in driving the automobile, as well as that of unavoidable accident, had all been submitted to the jury, and it had found that neither the operator of the street car nor the driver of the automobile was negligent, but that the injury complained of was occasioned by an unavoidable accident, could it be said that there was sufficient evidence in the record to sustain each of such findings? *If this question can be answered in the affirmative, then it follows that the trial court was in error in refusing to submit the issue.*" (Italics ours.)

■ It had previously been decided in Dallas Ry. & Terminal Co. v. Darden (Tex. Com. App.) 38 S.W.(2d) 777, 779, that an issue of unavoidable accident was not raised by the evidence in that case. That such conclusion was not based upon any different understanding of the meaning of the term than that later expressed is indicated by the following: "An unavoidable accident is one which is not occasioned in any degree, either directly or remotely, by the want of such care or prudence as the law holds every man bound to exercise. If the accident complained of could have been prevented by either party, by the use of means suggested by common prudence, it was not unavoidable." The test there suggested was: "* * * *Whether there is presented a theory under which the accident could have happened, notwithstanding all the parties to the transaction exercised the degree of care required by law.*" (Italics ours.)

The difference between the facts in Dallas Ry. & Terminal Co. v. Darden, supra, and in Dallas Ry. & Terminal Co. v. Garrison, supra, which required the holding in the one that the issue of unavoidable accident was not raised by the evidence and in the other

that it was so raised, is believed to be this: Although it could not be said in the first case as a matter of law that defendant was or was not negligent, nor that plaintiff was or was not negligent, yet the evidence was such that it could be said as a matter of law that the injury in question resulted from either the negligence of defendant or of the plaintiff or a combination of both, while in the latter case the state of the evidence was such that it could not be said *as a matter of law* that the injury so resulted. On the contrary, there was presented an issue of fact whether it may not have been caused from neither. Applying the test prescribed, we have concluded that the evidence raised the issue and the court erred in not submitting it.

■ The court submitted one issue as follows: "Do you find from a preponderance of the testimony that at the point of collision or just prior to reaching such point there was a wagon and team on the north side of said highway in front of plaintiff's automobile?" To this issue the jury answered, "No." The question called for a finding upon an evidentiary fact, and not the ultimate issue of accident. This is shown by the fact that an affirmative answer would not have affected the judgment to be rendered. A negative finding, if treated as conclusive, might have shown that there was no other evidence sufficient to raise the issue of unavoidable accident. We cannot treat as conclusive the fact as established by the verdict of the jury that there was no wagon on the north side of the road at the time in question, because, if for no other reason, the jury found in answer to another question "that the said Lich, in operating plaintiff's automobile, could have readily foreseen *and did see* under the circumstances that a wagon or other obstruction was in his path on the north side of the said highway immediately prior to the collision." The answers to the two questions were in direct conflict and therefore result in no finding. We are also of opinion that the evidence which we regard as raising the issue of accident is not determined by the fact that the wagon may not have been on the *north* side of the road. There was evidence to the effect that immediately after the wreck it was on the south side of the road. The only occupant of defendant's car did not testify. The jury may have been justified in concluding that the wagon was there, but was on the south or wrong side of the road. This would account for their answer in a way not at all conclusive of the real issue. If the wagon was on the south side of the road, it might explain two facts in evidence; namely, the fact that the driver of plaintiff's car saw no wagon, and the further fact that just before the collision the other car veered to its left.

Being of opinion that for such error the judgment should be reversed and the cause remanded, it is accordingly so ordered.