## MARYLAND CASUALTY CO. v. BRYANT et al.

### No. 1444.

Court of Civil Appeals of Texas. Eastland.
May 24, 1935.

Rehearing Denied June 21, 1935.

in the course of his employment; that the injury, if any, was "only a recurrence of an old injury suffered approximately four years prior thereto for which the plaintiff was in no way responsible." Further, that if the claimant sustained any injuries at all, "the same did not disable him for a period longer than two weeks," etc. In due time Bryant pleaded fully and specifically the injuries relied upon for compensation as well as jurisdictional matters. To this pleading the Casualty Company entered a general denial. The trial was had before the court and jury, and upon the answers to special issues submitted, a judgment was entered in favor of the employee and others. From this judgment the Casualty Company prosecutes error to this court. Error in the judgment is predicated upon several propositions and they will be considered seriatim.

The plaintiff in error's first contention is that special issue No. 2, and the definition of "total incapacity" given in connection therewith, were erroneous in that they authorized a finding of total disability, even though it was not shown that the disability extended beyond the claimant's left arm. The issue and definition are as follows:

"Do you find from the preponderance of the evidence that said injury, if any, resulted in the total or partial incapacity of the defendant to perform labor? Answer total or partial as you find the facts to be.

"You will be governed in answering the above question by the following definition: The phrase 'total incapacity' as used in the Workmen's Compensation Law [Vernon's Ann. Civ. St. art. 8306 et seq.] does not imply an absolute disability to perform any kind of labor. But a person disqualified from performing the usual tasks of a workman in such a way as to enable him to procure and retain employment is ordinarily regarded as totally incapacitated."

In response to the above issue, the jury answered: "Total."

The above proposition is predicated upon the Casualty Company's following exception to the issue and definition: "The plaintiff objects to and excepts to special issue No. 2 and especially that part of it which undertakes to define total incapacity in that (a) the court fails to tell the jury that the injury being to the left arm only that the injury could not be total; and (b) the court fails to submit to the jury the is-

Scarborough & Ely and Edmund C. Yates, all of Abilene, for plaintiff in error.

Kirby, King & Overshiner and A. A. Heathington, all of Abilene, for defendants in error.

LESLIE, Justice.

This is a workman's compensation case filed by L. A. Bryant against the Maryland Casualty Company. From an award of the Industrial Accident Board the Casualty Company appeals, alleging, among other things, that said Bryant did not suffer the injury, if any, complained of while engaged

sue of whether the injury is to any part of the body other than to the left arm, and to tell the jury that if they should find that the disability is confined to the left arm, in that event to answer the question that he only had a partial disability."

In the first paragraph of the brief presenting argument in support of the above proposition, the plaintiff in error states: "We think, under the facts of this record, that the plaintiff-in-error was entitled to have a suitable definition of partial incapacity applicable to the proof * * * given to the jury along with special issue No. 2. It will be observed that the court, while attempting to define 'total incapacity' gave no definition whatever of partial incapacity."

This statement from the brief is taken as indicating, in part at least, the point raised by the proposition. There are different reasons why the above proposition cannot be sustained:

■ First, the objections (a) and (b), above set out, are in the nature of requests for general charges in a case being submitted on special issues, and the court therefore properly refused to give such charge, or to modify the issue and definition so as to incorporate therein the directions requested. Farmers' Gin. Co. v. Smith (Tex. Civ. App.) 28 S.W.(2d) 839 (6); Speer on Law of Special Issues, pp. 156, 157.

■ Second, it is obvious that the Casualty Company made no objection whatever to the submission of the case because of any failure on the part of the court to define "partial incapacity." The court did not undertake to define "partial incapacity" in connection with the issue, and since the Casualty Company did not object to the omission to define it, it is therefore without proper predicate to complain of such omission. Gulf, C. & S. F. R. Co. v. Conley, 113 Tex. 472, 260 S. W. 561, 32 A. L. R. 1183; Panhandle & S. F. R. Co. v. Burt (Tex. Civ. App.) 71 S.W.(2d) 390; Robertson & Mueller v. Holden (Tex. Com. App.) 1 S.W.(2d) 570; R. S. 1925, art. 2189 and article 2190, as amended by Acts 1931, c. 78, § 1 (Vernon's Ann. Civ. St. art. 2190).

Third, reverting to subdivision (b) of the objections to issue No. 2, and the accompanying definition, it is clear from the record that the court would not have been warranted in submitting to the jury in said issue No. 2 whether or not the injury was confined "to any part of the body other than the left arm." Issue No. 2 as submitted was within itself and in the light of the definition a proper and independent issue, and it would have been confusing and erroneous had the court undertaken to incorporate therein the matters suggested in subdivision (b) of the objections. As answered, the issue in effect produced a finding that the incapacity of Bryant extended beyond his left arm. Had the court complied with subdivision (b) of the objection, and undertaken "to tell the jury that if they should find that the disability is confined to the left arm, in that event to answer the question he only had a partial disability," the same would obviously have been erroneous as a general charge in a special issue case.

■ Fourth, if it be conceded that the pleadings and the testimony were of such a nature as to raise an issue as to whether or not the employee's injury was confined to his left arm, such issue was defensive in its nature, and in the absence of the submission thereof by the court, the duty devolved upon the Casualty Company to request the same, or be held to have waived it. In this connection, however, we find that the court did submit to the jury the following issue: "Do you find from the preponderance of the evidence that the injury, if any, sustained by L. A. Bryant on the 16th day of February, 1933, while working for the Texas Mill & Elevator Company to be confined to his left arm?"

To this the jury answered: "No." This answer, in effect, nullifies the plaintiff in error's contention that the injury was confined to the left arm. Hence, as we interpret the record, it discloses that the question of the incapacity of Bryant extending beyond his left arm was, in effect, submitted to the jury and found adversely to the company.

■ By the second proposition, the plaintiff in error makes the contention that special issue No. 5 was a charge on the burden of proof, and assumed that the defendant had an injury. Issue No. 5 reads thus: "If you have found in answer to question No. 2 that said incapacity, if any, was total, then do you find from the preponderance of the evidence that said total incapacity will be permanent?"

The jury answered the question: "Yes."

The issue was excepted to for the reason that it was "a charge on the weight of

the evidence and assumed that the defendant suffered an injury that caused him an incapacity." The first part of the objection is general and fails to point out specifically wherein the charge is on the weight of the evidence. Hence it rendered no aid to the trial court and is an insufficient basis for an assignment of error on appeal. Panhandle & S. F. R. Co. v. Brown (Tex. Civ. App.) 74 S.W.(2d) 531.

■ On the other phase of the objection that the court assumed that the defendant suffered an injury, we are of the opinion that the same is not well founded. Issue No. 5 does not assume an injury that caused incapacity, but clearly states, "if you have found in answer to question No. 2 that said incapacity, if any, was total," then find from the preponderance of the evidence whether or not such total incapacity would be permanent. There was no prejudicial assumption of fact in this manner of submitting the issue. Texas Emp. Ins. Ass'n v. Beckworth (Tex. Civ. App.) 42 S. W. (2d) 827; Texas Emp. Ins. Ass'n v. Henson (Tex. Civ. App.) 31 S.W.(2d) 669; Id. (Tex. Com. App.) 48 S.W.(2d) 970; New Amsterdam Cas. Co. v. Harrington (Tex. Civ. App.) 11 S.W.(2d) 533.

In support of its proposition No. 2, the plaintiff in error cites the Great American Indemnity Co. v. Russell (Tex. Civ. App.) 63 S.W.(2d) 402. That decision has no necessary bearing on the conclusions herein. That case is to be distinguished from this one on the following grounds: Issue No. 6 presented in that case to the jury for a finding was not predicated or made dependent upon a *previous finding of the jury as in the instant case,* and, further, the objection to the issue in the Russell Case was specific, pointing out that the issue indicated that the court was of the opinion that the incapacity inquired about in fact existed at the time of the submission of the issue; whereas, in the instant case, the criticism or objection is general and to the effect that the charge assumed that the defendant suffered an injury that caused incapacity. Were it necessary to give any effect to the Russell Case, this court would be disinclined to agree with the conclusions there reached on the question here under consideration. It is unnecessary, however, to base our decision upon any such conflicting view, and we prefer that it rest upon the grounds stated. It is to be observed, however, that the Supreme Court has recently granted a writ of error in the Rus-

sell Case on the third assignment of error reading: "The Court of Civil Appeals erred in holding that special issue No. 6 as follows: 'Do you find from the preponderance of the evidence that said total incapacity, if any, sustained by the plaintiff E. M. Russell on or about the 20th day of June, 1932, will be permanent?' was on the weight of the evidence and led the jury to believe that such court was of the opinion that the incapacity inquired about therein existed at the time of the trial."

■ Propositions 3 and 4 are briefed together and will be so considered here. Three is to the effect that "the great preponderance of the evidence having shown that Bryant was not totally disabled at the time of the trial, the court erred in submitting the question to the jury;" and proposition 4 is that since "the great preponderance of the evidence having shown that the claimed incapacity of Bryant at the time of the trial could not have been caused, and was not caused by the alleged injury, the court erred in submitting said issue to the jury." We overrule these contentions. Obviously, these propositions proceed upon the theory that there was testimony pro and con on the issues referred to. An examination of the statement of facts verifies that conclusion. The testimony being conflicting, it was the duty of the trial court to submit these issues for the determination of the jury. The testimony offered by the plaintiff in error on the issues came from several doctors, but testimony contradictory to theirs came from at least one doctor, the employee and other witnesses. In Panhandle & S. F. R. Co. v. Brown, supra, this court held that the number of witnesses testifying on a side, whether interested or disinterested, is not necessarily controlling in determining whether or not the fact has been established by a preponderance of the evidence, and that the mere fact that a verdict is against the preponderance of the evidence will not authorize a Court of Civil Appeals to set it aside if there is sufficient evidence to support it. In Texas Emp. Ins. Ass'n v. Clark, 23 S. W.(2d) 405, this court held that, although many physicians of well-known ability testified to certain facts, and only one physician testified to different facts, a fact issue was presented and the judgment was left undisturbed. For other authorities on the same point, see Maryland Cas. Co. v. Boverie (Tex. Civ. App.) 37 S.W.(2d) 310; Indemnity Ins. Co. of North America v.

Harris (Tex. Civ. App.) 53 S.W.(2d) 631, paragraphs 2 and 3. It has been held that the claimant's case can be established by his testimony alone. Texas Emp. Ins. Ass'n v. Scott (Tex. Civ. App.) 46 S.W. (2d) 348; Standard Accident Ins. Co. v. Williams (Tex. Com. App.) 14 S.W.(2d) 1015, affirming (Tex. Civ. App.) 4 S.W. (2d) 1023; Texas Indemnity Co. v. Preslar (Tex. Civ. App.) 298 S. W. 666.

It will be observed that the above propositions do not challenge the verdict as being against the great weight and preponderance of the testimony, or as being unsupported by the evidence.

We come to a consideration of the fifth proposition of error. It is to the effect that: "There being pleadings and proof to support a finding by the jury that the incapacity, if any, of the appellee (employee) was the result of extraneous and pre-existing causes which did not arise out of Bryant's employment, the court erred in failing to define the phrase 'in the course of his employment' in his charge to the jury * * *." In response to issue No. 1 the jury found that the employee sustained an injury on the 16th day of February, 1933. In connection with that issue the statutory definition of "injury" or "personal injury" was given. The proposition now under consideration is predicated upon the plaintiff in error's following exception to that issue and definition:

"1. The court fails to define the phrase 'in the course of his employment.'

"In this connection the plaintiff requests the court to tell the jury that the defendant's injury, if he had an injury, must have been wholly caused by the work he was doing in the course of his employment and that *if on account of a condition that existed in his body prior to the injury* the trouble developed, to answer the question that the injury was not received in the course of his employment.

"2. The court wholly fails to tell the jury that before they can answer said question No. 1 'yes' that the jury must find and believe from the evidence that the defendant was not suffering from *any physical condition that caused his disability,* if he had any disability." (Italics ours.)

If the last two sentences in the excerpt above are to be interpreted as qualifying or limiting the first sentence in the exception to the charge, then the result of the objection was merely to call for the giving of a general charge which the court was not warranted in doing, since the case was submitted upon special issues. That phase of the law is considered in an earlier portion of this opinion and will not be here repeated.

We give the proposition further consideration. The defendant in error makes two answers to this contention; one that the term "in the course of his employment" is not a legal term requiring a definition, and the other that, if it is, the error in the refusal to define same is harmless because the undisputed evidence showed conclusively that the injury was received "in the course of his employment." The statute (article 8309, § 1, R. S. 1925) defines the term "injury" or "personal injury" and also the term "injury sustained in the course of employment." It is apparent, however, that the definition of the last-named term is not in fact a definition of the entire term, but rather a definition of "in the course of employment" in the relation of such expression to the previously defined term "injury." This statutory definition of "in the course of employment" consists of a statement of particular kinds of injuries not included in the definition, as well as those injuries included therein. The definition in so far as it is inclusive comprehends "all injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs of the business of his employer whether upon the employer's premises or elsewhere." The injuries which the statute provides shall not be included within the meaning of "injury in the course of employment" are (1) injury caused by an act of God, (2) injury caused by an act of a third person intended to injure the employee because of reasons personal to him and not directed against him as an employee, or because of his employment, (3) an injury received while in a state of intoxication, (4) an injury caused by the employee's willful intention and attempt to injure himself, or unlawfully injure some other person.

None of these excluded injuries just enumerated are material in the disposition of this appeal, since none of the evidence in this case raises any question making it necessary to call the jury's attention to any of these injuries not included in the definition of "in the course of his employment." As to that part of the definition which un-

dertakes to state what is included within the term, it so happens that the undisputed evidence shows that the injury, alleged to have been received by the employee, was received, if at all, "in the course of his employment." In other words, the real issue raised by the evidence was whether the employee received the injury he claimed to have received, or did the injury and disability, if any, result from a disease or infection antedating the alleged injury?

Not all legal terms, which in some connections require that the court define same in the submission of issues, are required to be defined in every case. It is only when under the facts presented it is necessary to enable the jury to properly pass upon and render a verdict upon the issues submitted that the definition is required. Article 2189, R. S. 1925; Robertson & Mueller v. Holden, supra. For instance, there would be no purpose in defining the term where the undisputed testimony established that the injury, if any, occurred in the course of employment, etc. We are, therefore, of the view that conceding that sometimes, or even ordinarily, the term in question should be defined, it was not necessary to do so in this case for the reasons above stated.

Further, in the instant case we have examined the record, and conclude that the undisputed evidence shows that if the injury was not received in the accident of date February 16, 1933, the claimant's incapacity was undoubtedly due to what the insurance company charged to be the employee's "pre-existing malady" or "condition that existed in his body prior to the injury." Under the pleadings and the testimony this was a defensive issue, and, as we interpret the record and the proposition under consideration, the plaintiff in error was endeavoring to have it presented to the jury by way of a definition of said term. An examination of the record in this respect convinces us that the issue raised was submitted to the jury in terms substantially meeting the plaintiff in error's rights under the pleadings and testimony. For instance, in answer to issue No. 3, the jury found from a preponderance of the evidence that the employee's disability was caused *solely by the injury of date February 16, 1933,* and inquired about in issue No. 1. Further, in answer to issue No. 12, the jury found from a preponderance of the evidence that Bryant's disability was not the result of a disease or infection *which existed prior to February 16, 1933.* This last issue, in our judgment, was a clear and most distinct submission of the plaintiff in error's defense. Issue No. 12 stands unchallenged as to either form or substance, and neither is it challenged as being unsupported by the evidence. In this state of the record the jury's findings in response to the issues pointed out render harmless the omission of the court to define the term under the particular facts of this case, if indeed that term should be defined.

No error being shown, it follows that the judgment of the trial court should be affirmed, and it is so ordered.