NATIONAL LIFE & ACCIDENT INS. CO. v. ROBLEDO.

No. 3353.

Court of Civil Appeals of Texas. El Paso.

April 9, 1936.

Rehearing Denied May 7, 1936.

See, also, National Life & Accident Ins. Co. v. Casillas (Tex.Civ.App.) 63 S.W.(2d) 396.

G. Woodson Morris, of San Antonio, for appellant.

William E. Calvert and Charles J. Lieck, both of San Antonio, for appellee.

PELPHREY, Chief Justice.

On November 25, 1929, appellant issued an accident policy to Alfred Casillas containing, among others, the following provision:

"In consideration of the premium of $1.75 covering the first insurable period, and of the representations and agreements contained in the copy of this insured's application indorsed hereon and made a part of this contract,

"Does Hereby Insure Alfred Casillas herein called the 'insured' as a— Automobile Mechanic which occupation is classed D by company for the time this Policy is delivered to the insured until 12 o'clock noon (standard time at the place where the insured resides) of the first day of January, 1930, and for further periods as the advance payment of a renewal premium at the rate of $1.75 per month will maintain this Policy in force,

"Against Loss Of Life, Limb, Limbs, Sight, Or Speech And Hearing resulting directly and independently of all other causes from a bodily injury which is sustained while this policy is in force and which is effected accidentally (excluding suicide, sane or insane), herein called 'such injury,' in the Initial Principal Sum of Three Hundred Dollars;  *  *  *"

On May 7, 1931, Alfred Casillas died from a gunshot wound, and appellee, who was named in the policy as his beneficiary, brought this suit to recover the principal sum.

Appellant answered by plea in abatement, general demurrer, general denial, and specially alleged that the premiums were, according to the policy, due and payable on the first day of each month and that the premium for the month of May, 1931, not having been paid on the first day of that month or to the date of the death of Alfred Casillas, the policy was not in force on that date.

By supplemental petition appellee pleaded a waiver of the right to declare the policy forfeited and that appellant's conduct in reference thereto had been such as to estop it from now claiming that the policy was not in force by reason of failure to pay the May premium on the first day of May.

In response to special issues, the jury found that the May premium was paid prior to the death of Alfred Casillas; that his death resulted directly and independently of all other causes from a bodily injury sustained accidentally; and that a reasonable attorney's fee for appellee's attorney was $150.

Judgment followed in favor of appellee for the sum of $300, the principal sum of the policy; $150 attorney's fees; and $36.00 as penalty.

This appeal has been prosecuted from such judgment.

## Opinion.

Appellant's propositions 5, 6, 7, 8, and 9, all relate to the question of the sufficiency of the evidence and will be discussed together. It first contends that appellee failed to prove that Alfred Casillas did not meet his death as a result of some of the causes excepted in the policy, and, secondly, that the evidence is not sufficient to show that the May, 1931, payment was made before the death of Alfred Casillas.

As to the first contention, appellant relied upon that line of decisions holding that where the general liability of the insurer is limited by the terms of the policy the burden is upon the insured to both allege and prove that the loss sustained by him comes within the general liability assumed by the insurer, and in addition that it does not come within any of the excepted causes. In the present case, however, the entire record, including the pleadings, the examination of the witnesses, the charges of the court, and the motion for new trial, all clearly reveal that the only defensive theory ever considered by either the parties or the trial court was that of nonliability because of failure to pay the May premium.

Parties are bound by the defensive theories they present in the trial court and may not urge a different one on appeal. 3 Tex.Jur. § 114, p. 172; Reisenberg v. Hankins (Tex.Civ.App.) 258 S.W. 904.

Moreover, the testimony of Marion Casillas, brother of the deceased, we think, shows that Alfred Casillas died from a gunshot wound from a pistol which was under his belt at the time it exploded, thereby refuting the possibility that it came within any of the exceptions. The argument advanced by appellant that from the evidence 'it might be found that deceased was shot by some one in the house where he went to get his laundry, or that he committed suicide, is not, in our opinion, sound.

A premium receipt book was introduced in evidence in which it is shown that monthly premiums were paid for the months of October, November, and December, 1930, and January, March, and April, 1931, and in addition that two payments were made which did not appear in the premium receipt book, one on October 1, 1930, and another later, making eight payments in all beginning with October, 1930.

If this evidence be given weight, then the premium had been paid for the month of May, 1931, and the policy was in force on the 7th of that month. The assignments as to the sufficiency of the evidence in these two particulars must be overruled.

Appellee, in her second supplemental petition, pleaded waiver and estoppel, and this portion of her pleading was excepted to by appellant, and the court's action in overruling such special exceptions is now urged as error. While it is true that appellee in her pleadings did attempt to estop appellant from defending on the ground that possibly the premium for May had not been paid prior to the death of the insured, yet that theory was apparently abandoned before the cause was submitted to the jury, and appellant has pointed out no harm which came to it because of the presence of the allegations in appellee's pleadings.

The evidence that appellant had collected the premiums on the first of the month one time was not improper, the witness having without objection testified that the collectors came at different times in the month to make the collections.

Appellant introduced in evidence a portion of the supplemental petition of appellee in which a tender of a monthly premium was made. Thereupon appellee introduced another portion of the same petition in explanation of the tender. The introduction of this latter was objected to and is now assigned as error. While the portion introduced by appellant was pertinent evidence, certainly another portion of the same pleading relating to the same subject was also admissible. Nor do we find any error in permitting appellee's counsel to explain the circumstances under which the tender was plead.

It appearing from the facts before us without dispute that the death of Alfred Casillas resulted from a "bodily injury," and there being no theory presented by the evidence that it might have been occasioned by other means, there existed no necessity for the court to define the term. Fidelity & Casualty Co. v. Branton (Tex.Civ.App.) 70 S.W.(2d) 780.

The statute requires explanations and definitions of terms only when necessary to enable the jury to properly pass

upon and render a verdict on the issues. Article 2189, R.S.1925.

The judgment of the trial court is affirmed.