## GOLDEN v. STEVENS.
### No. 1985.

Court of Civil Appeals of Texas. Eastland.
Feb. 16, 1940.

Rehearing Denied March 29, 1940.

Nelson & Brown, of Lubbock, and Truett Smith, of Tahoka, for appellant.

Carl Rountree, of Lamesa, for appellee.

GRISSOM, Justice.

J. S. Golden, the owner of a farm in Dawson County, obtained a temporary injunction against V. W. Stevens and another restraining them from interfering with plaintiff, or his agents or employees, in the cultivation of a crop on his land for the year 1936. Stevens filed a cross-action against Golden, alleging that Golden had rented the land to him for the purpose of farming it for said year on the usual basis; that is, the payment by the tenant of $\frac{1}{4}$ of the cotton and $\frac{1}{3}$ of the other crops raised on the rented premises; had ousted him and prevented him from making a crop thereon to his damage in the sum of $1,245. Defendant alleged that, during the year for which he had the land rented, defendant had cultivated some of the land, had planted 30 acres in cotton, 25 acres in corn, and other crops; that plaintiff by force and intimidation had forced defendant to desist from making further effort to carry out the alleged lease contract and make a crop on the premises, and that plaintiff had obtained a writ of injunction restraining defendant from cultivating said land and from going upon the land.

The cause was submitted to the jury upon special issues. The jury found that plaintiff rented the farm to defendant Stevens for the year 1936; that the value of Stevens' share of the cotton that he would have raised on the land in controversy during said year, if he had not been prevented by plaintiff, was $249.25; that the value of the corn was $267; that the

value of the maize was $36; that the value of the garden and truck products was $3. In answer to special issue No. 6 the jury found that "the amount of rental payments which defendant would have received from the Government had he been permitted to remain on the premises in controversy as a tenant for the year 1936" was $63. The court entered judgment that plaintiff's title to the land in question be quieted, that the defendant other than Stevens be discharged with his costs, and judgment for the defendant Stevens on his cross-action against Golden for the sum of $618.25, the aggregate of the items heretofore stated. From said judgment, plaintiff has appealed.

The evidence is sufficient to support the jury's finding that plaintiff rented the farm to Stevens for the year 1936. Special issue No. 2 reads as follows: "What do you find from a preponderance of the evidence would have been the reasonable market value of the defendant's share of the cotton he would have raised on the land in controversy during the year 1936, if you find he would have raised any, had he been permitted to remain on said premises for said year, over and above the expenses he would have been put to in cultivating, harvesting and preparing for market all of said cotton crop?" The issues as to the value of the corn and maize defendant would have raised had he been permitted to farm the land for said year were submitted in the same manner by issues Nos. 3 and 4. Plaintiff objected to said issues 2, 3, and 4 "for the reason that the term 'market value', as used in special issues 2, 3, and 4, is nowhere defined so as to apprise the jury as to what is meant thereby." The action of the court in overruling said objection to said issues is made the basis for plaintiff's first three assignments of error.

In support of plaintiff's contention that the judgment should be reversed because of the court's failure to define "market value" in said three issues, plaintiff cites the following cases: Panhandle & S. F. Ry. Co. v. Burt, Tex.Civ.App., 50 S.W.2d 922; Tidal Western Oil Corp. v. Blair, Tex.Civ.App., 39 S.W.2d 1103; Texas Pipe Line Co. v. Bridges, Tex.Civ.App., 39 S.W.2d 1109.

Defendant's counter proposition is to the effect that not all legal terms used in submitting special issues need be defined in every case; that it is only when under the facts presented definitions are necessary to enable the jury to properly pass upon the questions submitted that such definitions are required. That this is particularly true where the testimony relative thereto is not conflicting.

Defendant testified that he had been farming since 1925; that he had had experience in estimating the yield per acre of cotton, corn and maize; that from his experience as a farmer he was able to examine a crop and estimate its yield; that he was familiar with the market for cotton, corn and maize at the time his crops from the rented premises would have been harvested and ready for sale; that cotton at said time was selling for about 12½ to 13¢ per pound; that he sold cotton at that time which was grown on land immediately adjacent to the rented premises; that he had 9 acres of cotton on land immediately adjacent to the rented premises; that on said 9 acres he raised 8 bales of cotton; that the cotton he would have raised would have sold for 12¢ per pound; that he gathered corn from the adjoining premises on similar land; that the corn made 18 to 20 bushels per acre; that he knew what the corn sold for; that it sold for 65¢ a bushel or $24 a ton; that said prices were the average prices paid during the fall of that year. Similar testimony was given as to the maize crop. He testified that maize was selling there at $18 a ton. Defendant went into considerable detail in his testimony about the number of acres of each crop planted and cultivated, the nature of the soil, the yield, what it would cost to harvest and sell it, and explained how he arrived at the basis for the damages which he claims.

It is very evident that in the trial of the case the parties were considering, and the testimony dealt with, what the crops which defendant would have raised would have sold for at the time they would have been harvested. In other words, it is evident that in the trial of the case the jury, in considering the term market value could have had under consideration only one thing; that is, what such products would have then sold for. The damages requested by defendant amounted to $1,245. The jury assessed his damages at $618.25. Defendant sued for damages on cotton in the sum of $530; the jury fixed said damages at $249.25. Defendant sued for $433

for loss of his corn crop; the jury fixed said damages at $267. He sued for damages because of loss of his maize crop in the sum of $144; the jury fixed said damages at $36. There was no other evidence as to the price for which said products would have sold, other than as hereinbefore stated. In other words, it would seem that the jury found the value of each of said crops to be less than the only testimony showed it to be. If it be conceded that the term "market value" is a legal term which should ordinarily be defined, and which a trial court, out of an abundance of caution, should in any event define to prevent the question from arising, nevertheless, as applied to the facts of the instant case, we think it apparent that the failure of the court to define the term was not reasonably calculated to injure plaintiff. On the contrary, we think it is demonstrated that he was not thereby injured. Our statements in Ed S. Hughes Co. v. Clark Bros. Co., Tex.Civ.App., 63 S. W.2d 230, 232, and Maryland Casualty Co. v. Bryant, Tex.Civ.App., 84 S.W.2d 492, 497, are applicable here. Said assignments are overruled. Graham-Brown Shoe Co. v. Snodgrass, Tex.Civ.App., 257 S.W. 632, 635; Texas & P. Ry. Co. v. Short, Tex.Civ.App., 62 S.W.2d 995, 998, writ refused; Traders' & General Ins. Co. v. Nunley, Tex.Civ.App., 80 S.W.2d 383, 385, writ refused; Runnels Chev. Co. v. Clifton, Tex.Civ.App., 46 S.W.2d 426, 429; General Motors Acceptance Corp. v. Killingsworth, Tex.Civ.App., 54 S.W.2d 266, 269; National Life & Acc. Ins. Co. v. Robledo, Tex.Civ.App., 93 S.W.2d 1198, 1200; Gifford-Hill, Inc. v. Jones, Tex.Civ. App., 99 S.W.2d 656, 658; Harris v. Thornton's Dept. Store, Tex.Civ.App., 94 S.W.2d 849, 851.

The judgment, insofar as it awarded to defendant $63 for rental payments which defendant would have received from the Government for participation in the Government crop reduction program, cannot be sustained. There is no evidence of probative force that plaintiff ever agreed for his land to be placed in such program. Defendant's testimony is to the effect that every time the subject was mentioned plaintiff refused to so agree, but said that question would have to be determined later when the program was made known.

The item of $63 is eliminated from the judgment. As so modified the judgment is affirmed.