**WILSON & SON LUMBER CO. et al. v. HUG-GINS et al. (No. 2978.)**

Court of Civil Appeals of Texas. Amarillo. Feb. 29, 1928.

**1. Abatement and revival ⚖=8(1), 9—Where facts, parties, and causes of action in another pending action were not same, plea in abatement therefor was properly overruled.**

In action for damages for failure to erect garage building according to contract, plea in abatement alleging that another suit was pending in which plaintiff urged as defense same cause of action upon which he was seeking recovery *held* properly overruled, where corporation commencing the other action was not in existence at time instant cause of action was created and the other suit was on an account which did not grow out of contract to build garage.

**2. Pleading ⚖=228—Special exceptions to effect that pleading was vague and that petition set out evidence and conclusions were in effect general demurrers.**

Special exceptions to effect that plaintiff in his petition set out evidence, conclusions, and conversations and failed to plead facts on which his cause of action was based, and that pleading was vague and uncertain and failed to apprise defendants of what issues they would be required to meet, were in effect but general demurrers.

**3. Contracts ⚖=337(2)—Petition in action to recover damages for failure to erect garage building according to contract held sufficient against general demurrer.**

Petition in action to recover damages for failure to erect garage building according to contract alleging, in substance, that defendant was to properly plaster fire walls and cover building with good waterproof roof, which it guaranteed to last ten years, and that defendant failed to properly plaster fire walls, resulting in plaster and mortar falling out, and failed to cover building with waterproof roof good for ten years, *held* sufficient against general demurrer.

**4. Damages ⚖=123—Plaintiff could not recover amount expended for repairs on roof in addition to reasonable cost of making roof comply with contract.**

In action for damages for failure to erect garage building according to contract, plaintiff was not entitled to recover, in addition to amount jury found to be reasonable cost of making roof comply with contract, the amount which plaintiff had expended for repairs on roof.

Appeal from District Court, Briscoe County; Charles Clements, Judge.

Action by C. G. Huggins, against the Wilson & Son Lumber Company, a copartnership composed of D. M. Wilson and J. M. Wilson, J. M. Wilson, individually, and another. From a judgment for plaintiff, defendants named appeal. Reformed, and, as reformed, affirmed.

Ayres & Payne, of Floydada, for appellants.
C. D. Wright, of Silverton, for appellees.

JACKSON, J. This suit was instituted in the district court of Briscoe county, Tex., by the plaintiff, C. G. Huggins, against the defendants Wilson & Son Lumber Company, a private corporation, Wilson & Son Lumber Company, a copartnership, composed of D. M. Wilson and J. M. Wilson, and against J. M. Wilson, as an individual, to recover damages for the failure to erect a garage building, according to the contract therefor.

Plaintiff alleges that on or about October 1, 1925, he made a contract with Wilson & Son Lumber Company, the copartnership, acting through J. M. Wilson, to build and erect, in Quitaque, Briscoe county, Tex., a one-story brick garage, 50 feet wide and 120 feet long; that the defendant was to properly plaster the fire walls, place sufficient supports under the roof, and cover said building with a good, waterproof roof, which it guaranteed to last ten years; that J. M. Wilson was an experienced dealer and builder, but plaintiff was not a contractor and knew nothing about roofing material, was not familiar with building terms, plans, or specifications, and so advised and informed J. M. Wilson at the time the contract was made; that he relied upon the defendant to carry out and perform the contract, build the garage, use proper supports under the roof, plaster the fire walls, and cover said building with waterproof roofing that would last ten years, all of which the defendant agreed to do for the consideration of $5,100, to be paid when the building was completed, according to contract; that the plaintiff in all things complied with the obligations imposed upon him by the contract, but defendant failed and refused to comply with the contract and erect the building in compliance with the above plans and specifications, as agreed upon; that the defendant failed to properly plaster the fire walls, which failure resulted in the rain pouring down the walls and injuring them, by causing the plaster and mortar to fall out, to plaintiff's damage in the sum of $200; that the defendant failed to cover said building with a waterproof roof good for ten years, as said roof leaked badly at the time the building was completed, and was never a waterproof roof; that, in order to make the roof on said building waterproof and last for ten years, as required by the terms of the contract, an expenditure of $605 will be required, which amount will be the reasonable cost thereof; that, in an effort to repair the roof, the plaintiff has already expended the sum of $117.80, the items of which he specifies in his pleading, and seeks to recover $922.80, as damages, for the defendants' failure to comply with the contract.

In the alternative, plaintiff says that, if he

be mistaken in alleging that the contract was made by the copartnership, then that it was made by the corporation, but, if the contract was made neither with the copartnership nor with the corporation, that it was made with J. M. Wilson, and some one of the defendants is liable for the damages; that he is not able to show, with more certainty, which of the defendants is liable under the contract, because J. M. Wilson, with whom the contract was made, was the manager of both the copartnership and the corporation, which was incorporated after the date of the contract.

The defendants filed a plea in abatement, alleging that there was another suit pending, which had been appealed from the justice court to the county court of Briscoe county, Tex., in which plaintiff in this case urges as a defense to a suit by the defendants against him, the same cause of action upon which he seeks his recovery herein.

The defendants answered by general demurrer and numerous so-called special exceptions, to the effect that plaintiff, in his petition, sets out evidence, conclusions, and conversations, and fails to plead the facts upon which his cause of action is based; that the pleading is vague, indefinite, and uncertain, and fails to apprise the defendants of what issues they will be required to meet; and pleads general denial.

In response to special issues submitted by the court, the jury found, in effect, that J. M. Wilson contracted with C. G. Huggins to build the garage and agreed to place a good, waterproof roof thereon and guarantee it to last ten years, which he failed to do, that the reasonable cost of making the roof comply with the contract is $562.50, and that the plaintiff had expended for repairing the roof on the garage $107.

The court, in his judgment, found that the defendant Wilson & Son Lumber Company, Inc., was not a corporation at the time of the contract with C. G. Huggins, but that the defendant Wilson & Son Lumber Company, a copartnership, made the contract through J. M. Wilson, and dismissed Wilson & Son Lumber Company, Inc., with their costs.

On the verdict of the jury, judgment was entered against Wilson & Son Lumber Company, a copartnership, composed of D. M. Wilson and J. M. Wilson, and against D. M. Wilson and J. M. Wilson, individually and severally, for the sum of $669.50, for costs, interest, execution, etc., from which judgment the copartnership and the members thereof, as appellants, prosecute this appeal.

[1] The appellants assign as error the action of the trial court in overruling and failing and refusing to sustain their plea in abatement. The court finds that the suit

pending in county court on appeal was instituted by Wilson Lumber Company, Inc., against C. G. Huggins, the appellee, in this case, on an account which did not grow out of the contract to build the garage in question; that, at the time the cause of action alleged by appellee in this case was created, Wilson Lumber Company, Inc., was not in existence; that the facts involved in the two cases are not the same, the parties are not the same, and the causes of action are not the same. These findings of the court are supported by the record, and no error was committed in overruling appellants' plea in abatement.

[2, 3] Appellants, by numerous assignments, challenge as error the action of the court in overruling their general and special exceptions. Appellee's petition was sufficient against the general exception urged thereto, and appellants' so-called special exceptions were in effect but general demurrers, and these assignments are overruled. Bolt et al. v. State Savings Bank (Tex. Civ. App.) 179 S. W. 1119; Pfeiffer v. Wilke (Tex. Civ. App.) 107 S. W. 361; Cochran v. People's National Bank (Tex. Civ. App.) 271 S. W. 433; Shaller et al. v. Allen et al. (Tex. Civ. App.) 278 S. W. 873.

Appellants present as error the action of the trial court in rendering judgment against them, because the findings of the jury are contrary to and are not supported by the evidence. It is unnecessary to set out the testimony in detail, as we deem it sufficient to say that, although the testimony was controverted, plaintiff proved by several witnesses that the contract was made, as alleged; that appellants agreed to erect the garage and cover the same with a waterproof roof, guaranteed to last ten years; that said roof, on the completion of the building, leaked in almost every part of the building; and that the roofing with which the garage was covered was rotten and full of holes; and that before the final settlement was made J. M. Wilson agreed to make the roof comply with the terms of the contract.

[4] Appellants' contention as to the measure of damages, though incorrect, requires a reformation of the judgment. The appellee is not entitled to recover, in addition to the $562.50, the amount the jury found to be the reasonable cost of making the roof comply with the contract, the $107 which the jury found appellee had expended for repairs on the roof. The judgment is therefore reformed, so as to eliminate the item of $107 expended by appellee for repairs, and, as so reformed, is affirmed, allowing appellee a recovery of $562.50, together with his costs, interest, etc.