## BOWEN v. FIRST STATE BANK OF FATE.
### No. 3982.

Court of Civil Appeals of Texas. Texarkana.
March 24, 1931.

Rehearing Denied April 2, 1931.

H. M. Wade, of Rockwall, for appellant.

E. D. Foree, of Rockwall, and Carl G. Miller, of Royse City, for appellee.

WILLSON, C. J. (after stating the case as above).

■ While confusion has existed in the decisions of courts in this state as to the rule applicable in determining questions like the one here presented, it seems to be now settled, Benson v. Fulmore (Tex. Com. App.) 269 S. W. 71; City Nat. Bank v. Sales Co. [Tex. Civ. App.] 297 S. W. 563; Davisson v. Eastland County [Tex. Civ. App.] 6 S.W.(2d) 782; Long v. Long [Tex. Civ. App.] 269 S. W. 207, in harmony with the holdings in other jurisdictions, 1 C. J. 45, that "the pendency of a prior action or suit for the same cause, between the same parties, in a court of competent jurisdiction, will abate a later action or suit either in the same court or in another court of the same jurisdiction."

It has been generally held the rule "applies only where plaintiff in both suits is the same person, and both are commenced by himself, and not to cases in which there are cross suits by a plaintiff in one suit who is defendant in the other; in other words, that where," as here, "the party defendant in the prior suit is plaintiff in the subsequent suit, the first suit can not be pleaded in abatement of the second." 1 C. J. 82; Id. 45.

The correctness of the qualification stated of the rule referred to is (we think with good reason and on good authority) questioned in Long v. Long (Tex. Civ. App.) 269 S. W. 207. We are inclined to think the holding in that case is correct, and probably would follow it were it necessary in disposing of this appeal to choose between it and conflicting holdings in cases cited in the opinion of the court in that case.

■ But, as we view the record before us, it did not appear that the cause of action set up in the instant suit was in all respects the same as that set up in appellant's pleading in the justice court, and on that ground it must be held that the court below erred when he sustained appellee's plea and dismissed appellant's suit. 1 C. J. 61, 62, 66, et seq. It appears in the agreed facts set out in the statement above that the counterclaim filed by appellant in appellee's suit against him in the justice court was for items, not described, aggregating $199.75, whereas this suit by appellant against appellee was for items described, aggregating $246.90. It is obvious,

therefore, that this suit is not the same as the former suit so far as it is for items representing the difference of $47.15 between the sum appellant sought to recover in that suit and the sum he sought to recover in this one.

■■ And on another ground it must be held that the action of the court below was erroneous. Appellee's plea should not have been sustained unless it appeared appellant could obtain in the suit in the justice court the full relief available to him in this suit. 1 C. J. 72. That he could not do that is plain, for the simple reason, if there was no other, that the justice court was without power to hear and determine a suit involving a greater sum than $200. Dixon v. Watson, 52 Tex. Civ. App. 412, 115 S. W. 100.

The judgment is reversed, and the cause is remanded to the court below for a new trial.