**LIQUID CARBONIC CO. OF TEXAS v. SOUTHWESTERN DRUG CORPO-RATION et al.**

No. 3029.

Court of Civil Appeals of Texas. El Paso. June 21, 1934.

Rehearing Denied July 26, 1934.

Peyton A. Ellison and Hoyt A. Armstrong, both of Dallas, for appellant.

Fred J. Dudley, of Dallas, for appellee drug company.

PELPHREY, Chief Justice.

Appellees, in their brief, agree that the following statement of the nature and result of the suit correctly presents the proceedings in the trial court:

This suit was instituted in the district court of Dallas county, Tex., by Southwestern Drug Corporation, a Texas corporation, against Paul Johnson, Eva Hays, and her husband pro formally, Jim Hays, and the Liquid Carbonic Company of Texas. The plaintiff declared against defendant Johnson upon a note and chattel mortgage executed by G. C. Turner and assumed by defendant Johnson, and upon an open account. Plaintiff alleged a principal, interest, and attorney fee balance of $599.72. Defendants Hays were alleged to be in possession of at least a part of the property covered by plaintiff's chattel mortgage lien, and any claim or lien which they might be asserting was asked to be declared subordinate to that of plaintiff.

The Liquid Carbonic Company of Texas was alleged to have taken possession of a soda fountain, on which it held a first lien and which was a part of the property covered by plaintiff's mortgage, and to have sold same for an amount exceeding its indebtedness by at least $250. Both mortgages were alleged to have been properly recorded.

Service was obtained upon defendant Johnson by publication, and he answered through an attorney ad litem. Defendants Jim and Eva Hays answered, but did not appear further. Defendant, the Liquid Carbonic Company of Texas, answered by pleas in abatement, general demurrer, special exceptions, general denial, special denials, and a cross-action against Paul and Walter Johnson, seeking a foreclosure of a lien upon the fountain which it had previously taken possession of under its chattel mortgage. In its special answer, it alleged that the fountain in question had been sold several times previous to the sale to G. C. Turner and had been finally repossessed after Paul and Walter Johnson, who purchased from G. C. Turner, had abandoned their business adventure, with a balance owing on the fountain. It was then disposed of, along with other property, for $685, of which amount $185 was paid at the time of the sale and subsequent payments amount-

ing to $60 were made. It alleged that there was a principal balance of $329.40, plus interest and attorney fees, due on the fountain at the time it repossessed it. Service was perfected on Paul Johnson under the cross-action by publication and upon Walter Johnson by nonresident notice, and they answered through an attorney ad litem.

Judgment was rendered in plaintiff's favor, establishing an indebtedness against Paul Johnson in the sum of $601.27, with a foreclosure upon property on which plaintiff held a first lien, and its lien was declared superior to any Eva and Jim Hays might have. Judgment in the sum of $250 was rendered against appellant.

## Opinion.

Appellant, by its first assignment and proposition thereunder, contends that there was no evidence introduced by Southwestern Drug Corporation in support of its allegations against appellant, and that the allegations of fact appearing in appellant's answer were not admissible.

■ It appears to be well settled in this state that when a general denial has been interposed by a defendant, allegations appearing in the answer cannot be used as evidence to support the plaintiff's case. Hynes et al. v. Packard, 92 Tex. 44, 45 S. W. 562; Silliman v. Gano, 90 Tex. 637, 39 S. W. 559, 40 S. W. 391.

■ Appellees, however, assert that the allegations here depended upon by them as evidence were made by appellant in its cross-action, and that the rule above stated, which they admit to be the correct one, does not apply.

Therefore, a proper decision as to the admissibility of the allegations as evidence depends upon whether they appear in appellant's cross-action or in its answer to the petition of the Southwestern Drug Corporation.

Appellant in its first-amended original petition answered specially, and, after alleging that the fountain in question had been sold several times previous to the sale to G. C. Turner; that it had been sold to various other persons thereafter and finally to Paul and Walter Johnson; and that appellant had accepted the contract of the Johnsons for the purchase of the fountain in the sum of $376.-50, alleged as follows:

"That said business was abandoned by said Paul and Walter Johnson soon thereafter and that the soda fountain and apparatus fell into the possession of the landlord, Jim Hays and Eva Hays, herein named as defendants, and that with their consent, as well as with the consent of Paul and Walter Johnson, said property was repossessed under and by virtue of the terms of the contract of purchase and chattel mortgage agreement executed by Paul and Walter Johnson. That said contract was duly and timely recorded with the County Clerk of Upshur County and that it is of record at such place at this time. That there was due and owing on said soda fountain and apparatus, the sum of Three Hundred Twenty-nine and 40/100 ($329.40) Dollars, when it was repossessed by the defendant herein, together with interest thereon at the rate of 6% from November 9th, 1931. That thereafter, on May 4th, 1932, the defendant herein did sell and deliver said soda fountain, along with additional equipment, to W. N. and E. L. Ray, trading as Shamrock Drug Company, and that the total consideration for all of said property as named in said contract and chattel mortgage agreement was Six Hundred Eighty-Five and no/100 ($685.00) Dollars of which amount $185.00 was paid in cash with order and the balance was to be paid in monthly installments of $30.00 each. * * *"

## "VII.

"Defendant would show that by reason of the foregoing facts that it was acting within its rights when it repossessed and took possession of said soda fountain and that it was likewise acting within its rights selling and disposing of same to the said W. N. and E. L. Ray, trading as Shamrock Drug Company and that plaintiff herein has no claim or demand upon this defendant of any character whatsoever."

As an alternative pleading appellant then alleged the execution of a contract of purchase for the fountain and other articles by Paul and Walter Johnson and a default in the payments of said contract.

Appellant's pleading then concludes with the following prayer: "Wherefore, premises considered, defendant prays that plaintiff take nothing by its cause of action as alleged in its petition as against this defendant and that defendant go hence with its costs and that as an alternative plea, the defendant prays that its lien on the aforementioned property be foreclosed as same existed on November 9th, 1931, after service by publication is had upon Paul Johnson and after service is had upon Walter Johnson by the issuance and

service upon him of a non-resident notice of said suit. * * * "

It thus appears, we think, that the allegations as to the repossession and disposal of the soda fountain were made in answer to the suit of the drug corporation and not as a basis of the affirmative relief sought against the Johnsons. Consequently they would fall within the above-announced rule and be inadmissible.

These allegations being the only evidence in the record in support of the drug corporation's cause of action against appellant, the judgment against appellant for the sum of $250 must be reversed.

It has frequently been held in this state that causes of action which are connected with each other may be joined; that although certain causes might be tried separately it is proper to unite them if the rights of the parties and the transactions involved are so interwoven that they may conveniently be settled in one action.

"The right to join causes of action is said to depend on whether the court can grant full relief under the particular circumstances involved and whether the diverse nature of the defenses which would naturally be interposed to the various causes of action would suggest the propriety of keeping them apart. * * * "

"It is settled that several causes of action, though technically separate and distinct, may properly be united in one suit when they arise out of the same transaction or are so connected with the same subject matter as to authorize their litigation in a single suit." 1 Tex. Jur. §§ 36 and 37, pp. 644, 645, and 646.

█ In the case at bar, the Southwestern Drug Corporation sought to foreclose a chattel mortgage lien on the soda fountain; to recover from Paul Johnson on an open account; and to recover against appellant for conversion of the fountain.

Under the liberal rule followed in this state, we find no error in the court's action in overruling appellant's exceptions raising the question of misjoinder of causes of action.

█ It appears to be the law in this state that a party guilty of conversion of mortgaged property cannot defend against such a charge on the ground that other property covered by the mortgage had not been exhausted. Clifton Merc. Co. v. Haverbekken Bros. (Tex. Civ. App.) 17 S.W.(2d) 856; Scaling v. First National Bank, 39 Tex. Civ. App. 154, 87 S. W. 715, 716, 717 (writ refused); Barron v. San Angelo Nat. Bank (Tex. Civ. App.) 138 S. W. 142, 145 (writ refused).

█ It follows, we think, that appellant's assignment attacking the judgment because the Southwestern Drug Corporation failed to plead and prove the value of the property upon which it held a mortgage is not sound.

The judgment of the trial court is reversed, and the cause remanded for the reason heretofore given.

Reversed and remanded.

HIGGINS, J., did not participate in the disposition of this case.