**PEURIFOY v. DAVIS et al.**

No. 1789.

Court of Civil Appeals of Texas. Waco.

Jan. 7, 1937.

Rehearing Denied Feb. 11, 1937.

**626**

See, also, 91 S.W.(2d) 1175.

P. G. Peurifoy, of Dallas, for appellant.

Geo. M. Hopkins, of Denton, for appellees.

ALEXANDER, Justice.

This suit was instituted in the district court of Somervell county on November 16, 1934, by M. M. Davis, executor of the estate of F. C. Davis, deceased, against Mack Bean, J. B. Lloyd and wife, Bessie Lloyd, Robinson-Brewington Lumber Company, P. G. Peurifoy and D. M. Inman. It was alleged in substance that in 1932, R. M. Wilson sold and conveyed to John B. Lloyd and wife, Bessie Lloyd, the Glen Rose Hotel, including the lot upon which it was situated and the personal property therein, and retained vendor's lien notes for the sum of $25,000, which notes had been assigned to the plaintiff. Said notes were also secured by a deed of trust on the real property and a chattel mortgage on the personal property. It was further alleged that Lloyd and wife later conveyed their interest in the property to Mack Bean, who assumed the payment of the above indebtedness, and that subsequent thereto Mack Bean had renewed said indebtedness and said liens by the execution of a new note for $26,150 and a new deed of trust on the real property and a new chattel mortgage on the personal property. It was further alleged that P. G. Peurifoy had willfully and maliciously entered said hotel building and removed all the furniture and fixtures therefrom, and that he and the defendant, Inman, had converted same to their own use and benefit. The plaintiff prayed for judgment against Lloyd and wife and Bean for the indebtedness in question and for foreclosure of his lien on the real and personal property and for judgment against Peurifoy and Inman for conversion of the personal property. The suit against Robinson-Brewington Lumber Company was dismissed.

The defendant, Peurifoy, filed a plea in abatement in which it was alleged that there was a prior suit involving the same controversy pending in the 101st district court of Dallas county, and he prayed that the suit in Somervell county abate until a trial could be had in the case pending in the district court of Dallas county. Upon a trial of the case without a jury, the court overruled the plea in abatement and rendered judgment in favor of the plaintiff against Mack Bean and J. B. Lloyd for the debt sued for and against all parties for foreclosure of the lien on the real property. The court further found that the plaintiff held a valid chattel mortgage lien on the personal property, but that the defendants, Peurifoy and Inman, with knowledge of the existence of plaintiff's lien, had taken possession of said personal property and converted the same to their own use and so secreted the same that it could not be found, and thereupon the court entered judgment against the said Peurifoy and Inman, jointly and severally, for the sum of $7,000. The defendant, Peurifoy, appealed.

Appellant's first contention is that the trial court erred in overruling his plea in abatement. The evidence shows that on April 26, 1934, P. G. Peurifoy filed suit in the district court of Dallas county against Mack Bean to recover on a promissory note in the sum of $1,000, dated December 20, 1933, executed by said Mack Bean and payable to H. C. Hall, and also to foreclose a chattel mortgage lien executed at the same time on the furniture and fixtures in the Glen Rose Hotel. It was alleged that Peurifoy was the owner of said note and lien. On December 27, 1934, after M. M. Davis, executor, had filed this suit in the district court of Somervell county, said P. G. Peurifoy amended his petition in the district court of Dallas county and joined as a defendant therein said M. M. Davis, executor. His allegations in respect to the said M. M. Davis, executor, were that said defendant "claims some sort of lien against the personal property involved herein." It is because of the pendency of this suit in Dallas county that appellant insists the trial court should have sustained his plea in abatement.

There was no error on the part of the trial court in overruling appellant's plea in abatement. In the first place, the burden of proof was on appellant to establish the pendency of the prior suit, and while he introduced certified copies of his petition and of the answer of M. M. Davis, executor, filed in the Dallas county case, there was no proof offered to show that said suit was still pending in Dallas county

at the time of the trial of the case here under consideration. Such proof was necessary in order to authorize the court to sustain such plea. 1 Tex.Jur. 122; Street v. J. I. Case Threshing Machine Co. (Tex. Civ.App.) 188 S.W. 725, par. 10 (writ ref.); Holland v. Western Bank & Trust Co. (Tex.Civ.App.) 118 S.W. 218, par. 3.

The court properly overruled the plea in abatement for the further reason that the causes of action and parties were not the same in the two suits. Both suits involved the rights of M. M. Davis, executor, Mack Bean and P. G. Peurifoy to a lien, or liens, on the personal property situated in the Glen Rose Hotel, but the suit in Somervell county in addition thereto involved the right of Davis, as said executor, to recover another and different debt for a substantially larger amount against J. B. Lloyd and wife and Mack Bean, and to foreclose a lien on the real property. The rule to be applied in such cases is well stated in 1 C.J.S., Abatement and Revival, p. 76, § 46, as follows: "The fact that there is a duplication of subject matter in two pending actions is not ground for the abatement of one of them, on the ground of another action pending, where the pending action is for only a part of the subject matter sued for in the second action, and the second contains causes of action or issues of a material and substantial nature not involved in the prior action, although some questions involved in the issues in the second action may come up for consideration in the first." A substantial part of plaintiff's cause of action in the case pending in Somervell county was not involved in the case pending in Dallas county and was against persons not parties to the Dallas county case, and therefore the court in Dallas county could not have given complete relief to all the parties on all of the issues involved in the Somervell county case. 1 Tex.Jur. 106; 1 C.J.S., Abatement and Revival, p. 71, § 43; Bowen v. First State Bank (Tex.Civ.App.) 37 S.W. (2d) 400; Wilson & Son Lbr. Co. v. Huggins (Tex.Civ.App.) 3 S.W.(2d) 599. We need not determine whether or not, under a proper plea, appellant would have been entitled to abate so much of this cause of action as was involved between the same parties in the case pending in Dallas county, because it appears that appellant sought to abate the action pending in Somervell county in its entirety and not so much thereof only as was involved between the same parties in the Dallas county case. He was not entitled to have the cause of action as a whole abated, and therefore the trial court properly overruled his plea in abatement. 1 C.J.S. Abatement and Revival, p. 76; Holmes v. Clisby, 118 Ga. 820, 45 S.E. 684, par. 3.

Appellant further contends that appellee, Davis, had no right to maintain in the same suit an action to recover against Bean and others for the debt and to foreclose a chattel mortgage lien and an action against Peurifoy and Inman for conversion. The right to so maintain such suits appears to be well established in this state. Cobb v. Barber, 92 Tex. 309, 311, 47 S.W. 963; Cassidy v. Willis & Connally, 33 Tex. Civ.App. 289, 78 S.W. 40; Liquid Carbonic Co. v. S. W. Drug Corp. (Tex.Civ.App.) 73 S.W.(2d) 152; Armstrong v. Muller (Tex.Civ.App.) 56 S.W.(2d) 895.

Appellant assigns as error the finding of the court that the appellant converted the property, and also contends that the court fixed the value of the alleged converted property too high. There was a conflict in the evidence, and consequently the findings of the trial court on these matters are binding on this court. These assignments are overruled.

Appellant complains because the court overruled his motion for continuance on account of the absence of a witness who resided in Dallas county. He did not allege that any diligence had been exercised to procure the attendance of the witness other than the fact that the witness had promised to attend court but failed to do so. Under these circumstances, the trial court properly overruled motion for continuance. American National Ins. Co. v. Hammond (Tex.Civ.App.) 91 S.W.(2d) 432, par. 2, and authorities there cited.

The judgment of the trial court is affirmed.