## HUBBERD v. CRUDE OIL MARKETING & TRADING CO. et al.

### HUBBERD et al. v. SAME.
Nos. 10325, 10326.

Court of Civil Appeals of Texas.
San Antonio.
July 20, 1938.

Rehearing Denied Aug. 17, 1938.

Terrell, Davis, Hall & Clemens and A. V. Knight, all of San Antonio, for appellants.

Johnson & Rogers and Geo. G. Clifton, all of San Antonio, for appellees.

MURRAY, Justice.

William Hubberd was plaintiff in cause No. B–86223, and the Crude Oil Marketing and Trading Company and the Crude Oil Pipe Line Company were defendants. William Hubberd sought to recover of defendants $11,238.59 for royalties and oil payments due him by reason of the fact that he was the owner of the north one-half of the northeast one-quarter of Section 75, A. B. & M. Survey, in Duval County, Texas, consisting of approximately 80 acres, from which the defendants had taken oil and had not paid him.

In cause No. B–86422 Mary C. Hubberd and Alfred R. Hubberd were plaintiffs against the same defendants as in cause No. B–86223, in which the Hubberds sought to recover $39,794.79 as royalty from oil taken by the defendants from the west one-half of Survey 77, Certificate No. 1—46, Original Grantee Morris & Cummings, patented to William Hubberd, assignee, by Patent No. 562, Vol. 27, April 16, 1877, in Duval County, Texas.

These two suits are companion cases and were in effect tried together in the trial court and are briefed together in this Court. The assignments of error and propositions raised in each case are exactly the same, and we will therefore write one opinion covering both cases.

The defendants below on April 5, 1937, filed formal answers consisting of a general demurrer and a general denial. Thereafter, on April 26, 1937, the defendants filed amended answers consisting of a general demurrer and a general denial, and the defendant Crude Oil Pipe Line Company filed special answers denying all liability on the ground that they had transported the oil for hire, as a common carrier, and were in no way obligated to pay for the same. Upon this answer they were discharged and need not further be considered herein.

The Crude Oil Marketing and Trading Company filed what is termed a bill of interpleader and cross-action, in which it admitted receiving the oil under contract of sale or what is commonly known as a "division order," and further admitting that it is liable to the owners of the land for the amounts set forth in the plaintiffs' petition, but further contended that there are certain other persons claiming an interest in the land and therefore it tendered into court, in its pleadings, the sums of money sued for in each case, and asked that the court determine to whom it belonged and that it be discharged with its court costs and attorneys' fees. It also asked that all claimants be made parties to the suit. This bill of interpleader and cross-action was duly sworn to by E. L. Buckley, as president of the Crude Oil Marketing & Trading Company.

On June 7, 1937, Amadeo S. Hubberd, a cross-defendant, filed a disclaimer. On May 21, 1937, the original plaintiffs filed a motion asking that the Crude Oil Marketing & Trading Company be required to deposit the funds in court. On June 2, 1937, the Crude Oil Marketing & Trading Company replied to this motion. The motion was not granted.

On June 9, 1937, an interlocutory judgment was entered decreeing that the plaintiffs do have and recover from the Crude Oil Marketing & Trading Company, the sum of $11,238.59 in cause No. B–86223, and the sum of $39,794.79 in cause No. B–86422, and further decreeing that the other cross-defendants, having either disclaimed or failed to answer, take nothing and recover no part of said sums.

The interlocutory decree contained the following additional provision: "It is further ordered that this case be continued on the docket for the purpose of determining the claim of the defendant, Crude Oil Marketing & Trading Company, for expenses and attorney's fees, and the right of the plaintiff to interest on monthly installments as the same accrued."

Thereafter, on the 20th day of August, 1937, the case was called for trial and evidence heard and judgment rendered allowing Crude Oil Marketing & Trading Company's bill of interpleader. It was awarded $2000 attorney's fees in cause No. B–86422, and $500 attorney's fees in B–86223. No interest was allowed on monthly installments that had been withheld from the original plaintiffs.

From the judgment rendered in cause No. B–86223, William Hubberd has appealed, and from the judgment in cause No. B–86422, Mary C. Hubberd and Alfred R. Hubberd have appealed. The Crude Oil Marketing & Trading Company is the appellee in each case.

■ The first contention presented by appellants is that the appellee having filed an original answer, consisting of a general demurrer and general denial, and an amended answer, consisting, first, of a general demurrer and a general denial, followed by an alleged cross-action and bill of interpleader, wherein for the first time the right for an interpleader was contended for, and said general denial never having been waived or withdrawn, thereby compelling appellants to prove title to the sums sued for as against said defendant itself, such pleading and action by the defendant deprived it of any alleged right to maintain a bill of interpleader and of any right to attorney's fees taxable as costs against the sums involved as decreed by the court.

■ We overrule this contention. There is a line of decisions to the effect that

where a defendant in his answer first enters a general denial that all admissions contained in special answers which may follow such general denial are not to be taken as admissions such as will prove plaintiff's cause of action. Silliman v. Gano, 90 Tex. 637, 39 S.W. 559, 40 S.W. 391; Brown v. Neyland, Tex.Civ.App., 62 S.W.2d 227; Kartes v. Fritter, Tex.Civ.App., 63 S.W.2d 389; Childers v. Texas & N. O. Ry. Co., Tex.Civ.App., 89 S.W.2d 478, 480.

■ However, in the case at bar we do not have a special answer following a general denial, but we have a complete cross-action in the nature of a bill of interpleader. It is complete in every particular and the facts set out therein are duly sworn to by the president of appellee. In such a cross-action the facts therein stated are taken as admitted by the pleader. Hughes Co. v. Clark Bros. Co., Tex.Civ.App., 63 S.W.2d 230; Louisville & N. R. Co. v. Ratliff's Adm'r, 260 Ky. 380, 85 S.W.2d 1006; Liquid Carbonic Co. of Texas v. Southwestern Drug Corporation, Tex.Civ.App., 73 S.W.2d 152; Bosse v. Cadwallader, 86 Tex. 336, 24 S.W. 798.

■ Therefore, the fact that the bill of interpleader was preceded by a general denial becomes unimportant. It is quite clear that a bill of interpleader may be set up by cross-action. Nixon v. Malone, 100 Tex. 250, 98 S.W. 380, 99 S.W. 403; 33 C.J. 456, § 44.

■ Appellants' next contention is that the claim of the other parties interpleaded by appellee was shown by the evidence to be a different claim from that asserted by appellants. We overrule this contention. It is shown by the evidence that the other claimants impleaded by appellee were asserting title to the land from which the oil was taken, and it necessarily follows, under the facts in this case, if they were successful in establishing their interest in the land they would have an interest in the oil taken from the land, and in the sums of money here involved, which were the contract price of a part of that oil. Furthermore, the trial judge made elaborate findings of fact relating to this matter, none of which are challenged by appellants.

In Nixon v. New York Life Insurance Co., 100 Tex. 250, 251, 98 S.W. 380, 99 S.W. 403, it is said (page 385): "Under our blended system, where law and equity are administered by the same court, and the rights of all parties to the suit in the subject-matter thereof may be adjudicated and fully protected, a defendant is entitled * * * to the equitable remedy of interpleader."

Also: "The remedy is so beneficial and so just that any reasonable doubt as to his right to an interpleader will be resolved in his favor."

See, also, Pulkrabeck v. Griffith & Griffith, Tex.Civ.App., 179 S.W. 282; Nixon v. Malone, 100 Tex. 250, 98 S.W. 380, 99 S.W. 403.

■ Appellants next contend that there was no adverse claim to the fund sued for seriously asserted and that appellee's contention that it was a stakeholder was frivolous. We overrule this contention. The record discloses that thousands of dollars had been expended defending against these adverse claims and that they had not been fully and finally disposed of by the courts. The record shows that the reason suit was not filed directly claiming an interest in the funds was that appellee had agreed to retain these sums under the provisions of its contract and not to voluntarily pay them to appellants.

■ It is next contended that appellee had an adequate legal remedy with respect to appellants' demand and should not have been allowed to maintain a bill of interpleader. We overrule this contention upon the authority of Williams v. Simon, Tex. Civ.App., 235 S.W. 257. From that authority we quote (page 262): "It is also urged that appellee pleaded a contract with appellant, placing the notes in escrow in a bank, and requiring indemnity from appellant should he pay the notes, and that this gave him full protection and no interpleader was necessary. This position is in striking contrast to the claim of appellant throughout to the effect that the alleged contract was not available to appellee, was without consideration, and was functus officio. Also it may be added that the record shows that appellant herself had ignored the contract and had brought suit in Travis county upon the notes. Giving the contract its utmost effect, however, it was nothing more than a contract protection to appellee, the benefits of which he might waive, and have the issue of title to the money tried in court between the conflicting claimants, and obtain by decree the release of the vendor's lien."

■ We are of the opinion that the record justifies the trial court in allowing the

sum of $2500 as attorney's fees in the two cases.

We have examined all other propositions presented by appellants and, finding them without merit, they will be in all things overruled.

The judgment in each case is affirmed.

SLATTON, J., did not participate in the decision of this case.