**BARTON et al. v. CANTRELL et al.**

No. 13907.

Court of Civil Appeals of Texas. Fort Worth.

May 5, 1939.

Rehearing Denied June 16, 1939.

R. A. Kilpatrick, of Cleburne, for appellants.

Houtchens & Houtchens, Ardell M. Young, and J. Harold Craik, all of Fort Worth, for appellees.

DUNKLIN, Chief Justice.

On September 9th, 1925, Mollie D. Cantrell and Louis N. Cantrell executed to F. R. Barton their promissory note for $350, payable six months after date, secured by vendor's lien on lot 4 in block 76, Rosen Heights Addition to the City of Fort Worth. Thereafter, on November 26th, 1934, the note and lien were duly extended by written agreement of the parties, for six months after that date.

F. R. Barton instituted a suit against the makers to recover on the note.

He died during the pendency of the suit, and by leave of court, Mrs. M. C. Barton, his widow, and Mrs. Alva Hagler, his daughter, joined by her husband, Hiram Jefferson Hagler, were substituted as plaintiffs, in the place and stead of F. R. Barton, and, as such plaintiffs, they sued for the same relief as theretofore sought by F. R. Barton.

Their petition was styled "Plaintiffs' First Amended Original Petition," and was filed December 9th, 1937. In that petition it was alleged that they were the sole and only heirs of F. R. Barton, who had died November 19th, 1937, without leaving a will, and that there had been no administration upon his estate and no necessity therefor, as he left no debts.

To that pleading the defendants, Mollie D. Cantrell and husband, L. N. Cantrell, filed an answer, consisting of a general demurrer and general denial; also a special plea of failure of consideration, by reason of said misrepresentations on the part of F. R. Barton and one T. W. Dunn, at the time the notes in suit were executed.

There was another special plea of breach of the warranty of title by F. R. Barton, as a defense to the plaintiffs' suit on the merits; also a cross action for damages for loss of profits, by reason of the breach of the warranty. Another cross action embodied in the same pleading reads as follows: "That the plaintiffs, M. C. Barton and Mrs. Alva Hagler, as the sole surviving heirs at law of the said F. R. Barton, are bound by the aforesaid warranty of title expressly made by the said F. R. Barton and his said attorney, and are further liable for any damages resulting to defendant for the aforesaid breach of warranty of title, at least to the extent of any estate inherited by them from the said F. R. Barton. In this connection, defendants would show the court that the said Mrs. M. C. Barton and Mrs. Alva Hagler have inherited both real and personal property from the deceased plaintiff, F. R. Barton, far in excess of any claim made by these defendants in their cross action."

That pleading was duly verified by the defendant, Mollie D. Cantrell.

The case was tried to a jury, and at the conclusion of the evidence the court instructed a verdict in favor of the plaintiffs for the debt and foreclosure sued for,

and on March 15th the verdict was returned, in obedience to that instruction.

On the same day the defendants filed their motion for a judgment non obstante veredicto, praying that a judgment be entered in their favor, because of failure of plaintiffs to introduce any evidence in support of their allegations that they were the sole surviving heirs of F. R. Barton, deceased, that he had died intestate, and that there had been no administration upon his estate and none necessary, as he left no debts. The court set down that motion to be heard four days later, towit, March 19th, 1938, at which time it was heard and considered, and counsel for plaintiffs announced their waiver of service of notice of such hearing. Upon said hearing the motion was granted, and judgment was then rendered that plaintiffs take nothing of the defendants and that defendants recover title of plaintiffs to the real estate covered by the vendor's lien on their cross action, free of any apparent right, title or interest asserted by plaintiffs, and vesting in defendants all such right or title; all because of the failure of the plaintiffs to introduce any proof to sustain their allegations that F. R. Barton died intestate, that they were his sole surviving heirs at law, that no administration was had upon his estate and no necessity therefor; with the further added finding that the undisputed evidence showed that the note sued on by plaintiffs was the separate property of F. R. Barton, deceased.

On April 5th, 1938, plaintiffs filed their amended motion for new trial, praying that the case be reopened and they be given an opportunity to supply the proof omitted on the former trial, and by reason of which they were denied a recovery. In that motion it was alleged that plaintiffs' failure to introduce such proof was because the trial of the case was upon their belief that the facts which plaintiffs had failed to prove had been admitted in defendants' pleadings.

On May 6th, 1938, on the hearing of the motion, the judgment theretofore rendered was so amended as to eliminate therefrom the award of title to the property covered by the deed of trust in question, on defendants' cross action; but leaving the judgment theretofore rendered in full force in all other respects. With that correction the motion for new trial was overruled.

Plaintiffs have prosecuted this appeal from that judgment.

The record shows that the note and deed of trust sued on by the plaintiffs were introduced in evidence without objection on the part of the defendants. That was proof that the note and lien securing the same belonged to the estate of F. R. Barton, deceased, at the time of the trial, and the following recital appears in the judgment rendered: "It appears from the undisputed evidence that the note sued upon was the separate property of the said F. R. Barton."

It is appellants' contention that they were relieved of the necessity of making proof that F. R. Barton had died intestate; that there had been no administration on his estate and none necessary; and that they were the sole surviving heirs of F. R. Barton, deceased, by reason of the admission of those facts by the defendants in their cross action against the plaintiffs for damages, quoted above.

They rely upon the comparatively recent decision of the Court of Civil Appeals at San Antonio, in Hubberd v. Crude Oil Marketing & Trading Co., reported in 119 S.W.2d 161, 162. In that case, as here, the defendant filed a general denial and special answers to the merits of plaintiff's suit. Following those pleadings, defendant also filed a cross action, in which it admitted its indebtedness to the plaintiff for the oil in controversy, and tendered in its pleadings the sums so admitted to be owing, but further alleging that there were other claimants of that oil, whom they prayed should be made parties to the suit, for defendant's protection against any such adverse claimants.

In that cross action, the defendant sought a judgment allowing it a credit against the amount owing to the plaintiffs, for expenses and attorney's fees incurred by the defendant, and the credits so prayed for were duly allowed by the trial court.

The plaintiff appealed from the judgment allowing that credit, and the first contention presented was that, by reason of the defendant's general denial, which was never withdrawn, the plaintiff had been compelled to prove title to the sum sued for as against the defendant itself, and therefore the defendant was not entitled to the credit of attorney's fees for which judgment was allowed.

Following recitations of that contention, the court said:

"We overrule this contention. There is a line of decisions to the effect that where a defendant in his answer first enters a general denial that all admissions contained in special answers which may follow such general denial are not to be taken as admissions such as will prove plaintiff's cause of action. [Citing decisions.]

"However, in the case at bar we do not have a special answer following a general denial, but we have a complete cross-action in the nature of a bill of interpleader. It is complete in every particular and the facts set out therein are duly sworn to by the president of appellee. In such a cross-action the facts therein stated are taken as admitted by the pleader. [Citing decisions.]

"Therefore, the fact that the bill of interpleader was preceded by a general denial becomes unimportant."

The Supreme Court denied a writ of error in that case, thus implying an approval of the announcement so made.

■ We believe that decision is controlling here, and it becomes unnecessary to discuss the numerous decisions cited in the appellees' brief, announcing the general rule referred to in that opinion.

As noted in the defendants' cross action, quoted above, there is an express admission that plaintiffs were the sole surviving heirs of F. R. Barton, and, as such, bound by his warranty of title to the defendants, and therefore liable to the defendants for breach of that warranty. That pleading necessarily implied that F. R. Barton died intestate, and that there has been no administration on his estate, or necessity therefor; for otherwise there would be no legal basis for claim of damages against plaintiffs. for breach of the warranty of title by F. R. Barton.

■ In view of the decision just cited, we conclude that the court erred in denying plaintiff a recovery for lack of proof as recited in the judgment. Furthermore, in Pure Oil Co. v. Tunnell, 126 Tex. 57, 86 S.W.2d 207, 209, which was a suit in trespass to try title, in an opinion by the Commission of Appeals, adopted by the Supreme Court, this was said: "In the present instance the petition of the interveners simply follows the statute. It was incumbent on them, however, to show by testi-

mony that no administration of the estate of Mrs. Tunnell is pending and none is necessary. They failed to make this proof. This furnished legally sufficient ground for dismissal of their suit, but not for the judgment which the trial court rendered concluding the merits of their claim. In a case of this sort, proof of no administration and no necessity respects the right of the claimants to sue rather than the merits of their claim. See Youngs v. Youngs, [Tex.Com.App., 26 S.W.2d 191], supra; Richardson v. Vaughan, 86 Tex. 93, 23 S. W. 640; Giddings v. Steele, 28 Tex. 732, 733, 91 Am.Dec. 336; Patton v. Gregory, 21 Tex. 513, 514; Lacy v. Williams' Heirs, 8 Tex. 182."

■ Independently of the foregoing conclusions, under the facts and circumstances related, in connection with defendants' cross action against plaintiffs for damages, we conclude that the court committed further error in overruling plaintiffs' motion for a new trial in order to supply the omitted proof indicated in the judgment. For even if it be said that the plaintiffs were not relieved of the burden of proving the omitted facts, by reason of alleged admissions of the same as true in defendants' pleadings, we believe it manifestly inequitable to penalize them for their failure to make such proof by forfeiture of their title to the note and lien which they had inherited from F. R. Barton, to the defendants, who had no title; all as the result of their mistaken belief that the allegations in defendants' cross action relieved them of the burden of introducing evidence of such facts.

■ Nor is there merit in appellees' contention that plaintiffs waived their right now to insist upon an opportunity to introduce such further proof by their failure to offer such proof at the time the court heard and determined the defendants' motion for judgment non obstante veredicto, because, if that offer had been accepted by the court, it would have been necessary to set aside the instructed verdict already entered and set down the case for a new trial at some future date and before another jury.

For the reasons indicated, the judgment of the trial court is reversed and the cause is remanded.